**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-03098-RM-NRN

SONDRA BEATTIE and FRANCIS
HOUSTON, JR., individually and on behalf
of all other similarly situated individuals,

    Plaintiffs,

v.

TTEC HEALTHCARE SOLUTIONS,
INC. and TTEC HOLDINGS, INC.,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO COMPEL INDIVIDUAL ARBITRATION**

Defendants TTEC Healthcare Solutions, Inc. and TTEC Holdings, Inc. (collectively, "TTEC" or "Defendants"), by and through their undersigned counsel, submit the following Reply In Support of Motion to Compel Individual Arbitration.

### I. INTRODUCTION

Plaintiffs should be compelled to arbitrate their claims on an individual basis in accordance with their contractual duty. Nonetheless, Plaintiffs contend that they should not be compelled to arbitration because they did not actually sign the Arbitration Agreement. They are wrong. Basic principles of contract law make clear that a signature is not required to manifest consent or enter into a binding contract. *See, e.g.*, *Christie v. Loomis Armored US, Inc.*, No. 10-cv-02011-WJM-KMT, 2011 U.S. Dist. LEXIS 142003, at *9 (D. Colo. Mar. 21, 2011) ("[I]t is well-established that a party may be bound to an agreement to arbitrate even absent a signature.")

(quoting *Med. Dev. Corp. v. Indus. Molding Corp.*, 479 F.2d 345, 348 (10th Cir. 1973)), *rev'd on other grounds,* 2011 U.S. Dist. LEXIS 141994 (D. Colo. Dec. 9, 2011); *E-21 Eng'g, Inc. v. Steve Stock & Assocs.*, 252 P.3d 36, 39 (Colo. App. 2010) ("Court decisions under the Federal Arbitration Act, 9 U.S.C. § 2, have held that no signature is required to satisfy the Act's requirements for a binding arbitration agreement.").[1] Plaintiffs' Response does nothing to change the fact that Plaintiffs agreed to arbitrate any employment-related disputes against Defendants. Plaintiffs do not argue that their claims are not subject to arbitration under the FAA or that the Arbitration Agreement is procedurally or substantively unconscionable.

Where, as here, a defendant provides sufficient evidence that the plaintiffs agreed to be bound by arbitration, this emphasis on a signed agreement is misplaced. Plaintiffs received and agreed to be bound by the Arbitration Agreement, manifested by their acceptance of the Agreement and their continued employment. Nevertheless, Plaintiffs now claim that they do not recall having even been "aware of the document's existence." (Dkt. No. 30-1 at ¶ 5; Dkt. No. 30-2 at ¶ 5.) Plaintiffs are merely attempting to avoid the application of their binding agreement now that they have already obtained the benefit of the bargain. However, the "I do not recall" defense has been rejected by courts in this District. *See Petrie v. GoSmith, Inc.*, No. 18-cv-01528-CMA-MEH, 2019 U.S. Dist. LEXIS 15237, at *4-6 (D. Colo. Jan. 31, 2019) (granting motion to compel where "[d]efendant's position is supported by data it routinely collects"). Indeed, a party who agrees to be bound by an agreement may

---

[1] Copies of all Lexis decisions are attached as Exhibit A.

not evade application by claiming they do not recall the agreement. Because Plaintiffs are bound by TTEC's Arbitration Agreement, the Court should grant TTEC's Motion to Compel Arbitration.

## II.   ARGUMENT

Despite Plaintiffs' claims to the contrary, TTEC has presented sufficient evidence of an enforceable agreement. TTEC has provided credible evidence that the Plaintiffs received, reviewed, and entered into the Arbitration Agreement. Further, Plaintiffs have failed to raise a genuine issue of material fact that overcomes the enforceability of the Arbitration Agreement.

### A.   TTEC Has Presented Sufficient Evidence to Demonstrate an Enforceable Arbitration Agreement.

"A motion to compel arbitration under the Federal Arbitration Act is governed by a standard similar to that governing motions for summary judgment." *Stein v. Burt-Kuni One, LLC*, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005). This standard requires that TTEC "present evidence sufficient to demonstrate an enforceable arbitration agreement." *Id.* Once this is established, "the burden shifts to [Plaintiffs] to raise a genuine issue of material fact as to the making of the agreement." *Id.* Here, TTEC has provided evidence sufficient to demonstrate the existence of an enforceable agreement.

### 1. TTEC has provided sufficient credible evidence of an enforceable agreement.

To support its Motion, TTEC may rely on its records that show the Plaintiffs received, opened, and accepted the Arbitration Agreement during employee orientation. Indeed, courts routinely grant motions to compel arbitration where there is evidence of assent retrieved from the defendant's own records rather than by a signed agreement. *See, e.g.*, *Petrie*, 2019 U.S. Dist. LEXIS 15237, at *4-6 (D. Colo. Jan. 31, 2019) (granting motion to compel where "[d]efendant's position is supported by data it routinely collects"); *Martinez v. TCF Nat'l Bank*, No. 13-cv-03504-PAB-MJW, 2015 U.S. Dist. LEXIS 23326, at *8-10 (D. Colo. Feb. 25, 2015) (granting motion to compel arbitration where defendant-employer's records showed that the arbitration agreement was available to the plaintiff via mail and on the company intranet); *Vernon v. Qwest Communs. Int'l, Inc.*, 857 F. Supp. 2d 1135, 1148-1152 (D. Colo. 2012) (finding that defendants presented sufficient evidence by describing their routine practice of mailing welcome letters and providing records showing that the plaintiffs "affirmatively accepted the [agreement] by clicking 'accept'"); *Urbanic v. Travelers Ins. Co.*, No. 10-cv-02368-WYD-MJW, 2011 U.S. Dist. LEXIS 50629, at *9 (D. Colo. May 6, 2011) (granting motion to compel arbitration and stay proceedings where defendant-employer's records indicated that "[p]laintiff completed the on-line training course and certified his receipt, review and agreement with the Code.").

Here, Plaintiffs agreed to the Arbitration Agreement during the course of the onboarding process as part of TTEC's online training known as TTEC University

("TTU"). (Dkt. No. 18-1, ¶ 3.) According to their respective training records, Plaintiff Beattie electronically reviewed and accepted the Agreement on August 4, 2017. (*Id.* ¶ 4.) Plaintiff Houston reviewed and accepted the Agreement on October 20, 2017 and again on January 10, 2018 after he was rehired on December 10, 2018. (*Id.* ¶ 5.)

### 2. This District's precedent supports finding an enforceable agreement.

TTEC's onboarding and recordkeeping process provides sufficient evidence of an enforceable agreement between TTEC and Plaintiffs. For example, a court in this District enforced an arbitration agreement where employees received online training and electronically assented to a company code which referenced an arbitration agreement. *Urbanic*, 2011 U.S. Dist. LEXIS 50629, at *19. In *Urbanic*, the plaintiff was notified of changes to his employer's arbitration agreement through his company email address. He was additionally required to review and agree to the company code which incorporated the company's arbitration policy by reference. *Id.* at *5-6. However, he never signed an amended agreement or otherwise made an affirmative showing of consent. Nevertheless, the court determined the employer "submitted ample evidence in the form of sworn declarations, emails, relevant company documents including the Arbitration Policy itself, and records verifying Plaintiff's on-line compliance and certifications." *Id.* at *19.

Recent decisions from this court have focused on whether the evidence shows a plaintiff received notice and their assent. *Martinez v. TCF National Bank* is instructive. 2015 U.S. Dist. LEXIS 23326, at *3-10. In *Martinez*, the court found that

the plaintiff "had reasonable notice and access to the terms and conditions of the arbitration clause" where the notice of the arbitration agreement was posted on the company intranet and the defendant provided records that the agreement was mailed to the employee. *Id.* at *9-10. (quoting *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1152 (D. Colo. 2012)) ("[T]he Tenth Circuit . . . has approved a finding that an employee was placed on notice of and accepted a company's arbitration agreement where notice of the agreement was provided via a single email and the employer introduced evidence that the employee habitually opened emails from management.") (citing *Pennington v. Northrop Grumman Space & Mission Sys. Corp.*, 269 F. App'x 812, 815 (10th Cir. 2008)). In fact, in the employment context, assent to an agreement can be shown by merely continuing the employment relationship. *Id.* at *8.

Similarly, a recent decision from this court arising in the consumer context is instructive. *Petrie v. GoSmith, Inc.*, No. 18-cv-01528-CMA-MEH, 2019 U.S. Dist. LEXIS 15237, (D. Colo. Jan. 31, 2019). In *Petrie*, the court granted a motion to compel where the defendant submitted a copy of the Terms of Use in effect at the time of the agreement, evidence the plaintiff registered for an account, and evidence the plaintiff continued to use the defendant's online platform. *Id.* at *5-6.

Here, Plaintiffs were required to open the Arbitration Agreement and given an opportunity to read the Arbitration Agreement during employee orientation. They also accepted the terms of the arbitration program electronically and by continuing

their employment with TTEC. This conduct alone is sufficient to establish the existence of a binding agreement. Simply put, a "signature" is not required.

### 3. Electronic arbitration agreements are enforceable.

It is well established that paper copies of arbitration agreements are not required to create an enforceable arbitration agreement. "[A]n electronic assent or agreement, as opposed to executing a piece of paper, has been found valid by many courts including this Court." *Urbanic*, 2011 U.S. Dist. LEXIS 50629, at *21. *See also*, *Petrie*, 2019 U.S. Dist. LEXIS 15237, at *6 (finding that data detailing when users checked the box to indicate agreement and clicked the button to proceed to the next page was sufficient evidence of notice of and assent to the arbitration agreement).

Indeed, many courts have granted motions to compel arbitration in factually similar cases involving employees and online trainings which include electronic agreements to arbitration. *See, e.g., Armstrong v. Michaels Stores, Inc.*, No. 17-CV-06540-LHK, 2018 U.S. Dist. LEXIS 208976, at *3 (N.D. Cal. Dec. 11, 2018) (finding that where plaintiffs logged in using their employee ID number and clicked the "I Agree" button on the arbitration agreement portion on online "Michaels University" training, they assented to arbitration); *Mitchell v. Craftworks Rests. & Breweries, Inc.*, No. 18-879 (RC), 2018 U.S. Dist. LEXIS 183345, at *34 (D.D.C Oct. 25, 2018) (granting motion to compel arbitration where employees digitally agreed to arbitration during onboarding through accounts created on the employers career website); *Moise v. Family Dollar Stores of N.Y., Inc.*, No. 16-CV-6314 (RA), 2017 U.S. Dist. LEXIS 84132, at *15 (S.D.N.Y. June 1, 2017) (compelling arbitration

where although employee did not recall receiving the agreement, the employer provided records of when the employee acknowledged the arbitration agreement as part of an online "Family Dollar University" training course).

In short, Defendants are not required to produce an arbitration agreement signed by Plaintiffs in wet wink to create an enforceable contract.

### B. Plaintiffs Have Not Raised a Genuine Issue of Material Fact as to the Enforceability of the Agreement

Once Defendants demonstrate that there is an enforceable arbitration agreement, "the burden shifts to [Plaintiffs] to raise a genuine issue of material fact as to the making of the agreement." *Stein,* 396 F. Supp. 2d at 1213. Plaintiffs fail to raise an issue of genuine material fact.

First, Plaintiffs' emphasis on signed copies of the Arbitration Agreement is inappropriate. Moreover, the cases cited by Plaintiffs are distinguishable. For example, in *Newman v. Hooters of America, Inc.,* the defendant claimed that the plaintiff had executed a written agreement and subsequently was unable to produce it. No. 8:06-CIV-364-EAK-TGW, 2006 U.S. Dist. LEXIS 44088, at *3 (M.D. Fla. June 28, 2006). The *Newman* defendant then relied on the "if/then" argument that suggested if all employees are required to sign an agreement then the plaintiff also must have. *Id.*

Here, on the other hand, TTEC maintains an online electronic system for providing training, reviewing policies, and executing agreements. Plaintiffs received the Arbitration Agreement as part of this required online training, as evidenced by

8

their training transcript. (Dkt. 18-3; 18-4.) Thus, Plaintiffs' argument misstates the facts and the declaration of Anna Haugen: TTEC is not claiming that their regular practice is to have new hires execute an arbitration agreement, Plaintiffs must have executed one as well. Rather, TTEC has presented evidence that maintains an electronic system and provides detailed records indicating when the employees reviewed and agreed to the Arbitration Agreement.

Second, Plaintiffs' argument based on their inability to recall agreeing to the Arbitration Agreement fails. Lapses in recollection do not excuse a party from agreements to which they are bound. *Petrie* 2019 U.S. Dist. LEXIS 15237, at *7 ("[G]eneral denials and statements that a user does not recall visiting a website or agreeing to arbitrate are insufficient to defeat arbitration."); *Martinez*, 2015 U.S. Dist. LEXIS 23326, at *5 (compelling arbitration despite plaintiff's claim "that she did not recall ever having seen the [arbitration agreement]."); *Vernon*, 857 F. Supp. 2d at 1152 ("Plaintiffs cannot demonstrate a lack of mutual assent simply by claiming that they 'cannot recall' seeing or reviewing the [agreement] at the time they accepted the benefits. . ."). Here, Plaintiffs' failure to recall reading and assenting to the Arbitration Agreement does not create a genuine issue of material fact. Consequently, there can be no doubt that the parties entered into an enforceable agreement.

### III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court compel individual arbitration, dismiss Plaintiffs' Complaint in its entirety, and grant

such other and further relief in their favor that this Court deems appropriate under the circumstances.

Dated: February 22, 2019                    BAKER & McKENZIE LLP

/s/ Arthur J. Rooney
Arthur J. Rooney
Baker & McKenzie LLP
300 E Randolph Street
Suite 5000
Chicago, IL 60601
Telephone: (312) 861-8000
FAX: (312) 698-2960
arthur.rooney@bakermckenzie.com

Attorney for Defendants TTEC Healthcare Solutions, Inc. and TTEC Holdings, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of February, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

kstoops@sommerspc.com

mturner@sommerspc.com

rjohnston@sommerspc.com

/s/  Arthur J. Rooney