IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-03098-NRN

SONDRA BEATTIE and FRANCIS HOUSTON, JR., individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

TTEC HEALTHCARE SOLUTIONS, INC. and TTEC HOLDINGS, INC.,

    Defendants.

---

**MOTION TO EXTEND TIME FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND COURT-AUTHORIZED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS**

---

Defendants, TTEC Healthcare Solutions, Inc. and TTEC Holdings, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 6(b)(1) and D.C.COLO.LCivR 6.1(a), for an extension of time, to and including 14 days after final resolution of Defendants' Motion to Compel Individual Arbitration, to file their response to Plaintiffs Sondra Beattie and Francis Houston, Jr.'s (collectively, "Plaintiffs") Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs. In support of this Motion, Defendants state as follows:

    1.    On January 30, 2019, Defendants filed their Motion to Compel Individual Arbitration based on an arbitration agreement that each Plaintiff agreed to during employee orientation. (Dkt. No. 18).

2. Plaintiffs filed their opposition to Defendants' Motion to Compel Individual Arbitration on February 8, 2019. (Dkt. No. 30). The Magistrate Judge conducted a telephonic hearing on the Motion to Compel Individual Arbitration on February 19, 2019 and requested supplemental briefing. Plaintiffs and Defendants filed their supplemental briefs on February 22, 2019. (Dkt. Nos. 36-37).

3. On April 15, 2019, Plaintiffs filed a Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b). (Dkt. No. 54).

4. The Magistrate Judge issued his Report and Recommendation on Defendants' Motion To Compel Individual Arbitration ("R&R") on April 15, 2019, recommending that the Motion to Compel Individual Arbitration be denied without prejudice and further recommending that a jury trial be held on the existence of an arbitration agreement. (Dkt. No. 55).

5. Defendants' timely filed their Objections to the R&R on April 29, 2019, asking the Court to reject the R&R and to grant Defendants' Motion to Compel Individual Arbitration, or in the alternative to order discovery affording Defendants an opportunity to renew their Motion to Compel Individual Arbitration after further discovery. (Dkt. No. 57).

6. Pursuant to D.C.COLO.LCivR 7.1(d), Defendants' Response to Plaintiffs' Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs would be due on May 6, 2019.

7. Plaintiffs' Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs is premature. The R&R denied Defendants' Motion to Compel Individual Arbitration *without prejudice* and recommended that a jury trial be held on

the existence of an arbitration agreement. In their Objections to the R&R, Defendants asked the Court on de novo review to reject the R&R and to grant their Motion to Compel Individual Arbitration. In the event the Court overrules their Objections, Defendants alternatively asked the Court to order discovery on issues relevant to the arbitration issue and for the opportunity to renew their Motion to Compel Individual Arbitration. In the event the Court overrules their Objections and denies discovery and an opportunity to renew the Motion to Compel Individual Arbitration, the matter will proceed to trial on the issue of the existence of an arbitration agreement. Under any of these scenarios, it is clear that issues relating to the arbitrability of Plaintiffs' claims remain unresolved, and Plaintiffs may yet be required to submit their claims to individual arbitration. Therefore, it is premature to consider any motion concerning class or collective action certification, and briefing and resolution at this time of Plaintiffs' Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs will result in needless expense and waste of resources.

8. This is the first extension of time requested by Defendants regarding the class certification motion. The granting of Defendants' motion for an extension of time will not prejudice any party, and in fact it further interests of efficiency and expediency, because there will be no need for the Court to consider Plaintiffs' Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs if Plaintiffs are compelled to submit their claims to individual arbitration. This request for extension of time is being sought in good faith and not for delay or any other improper purpose.

9. On April 30, 2019, the undersigned defense counsel contacted Plaintiffs' counsel to confer about the requested extension of time. On May 1, 2019, Plaintiffs' counsel refused to agree to the requested extension.

10. Federal Rule of Civil Procedure 6(b)(1)(A) establishes that upon good cause shown, the Court has the authority to enlarge the period of time within which a defendant is required to submit documents to the Court. Defendants respectfully assert that the foregoing sets forth good cause for an extension of time and, thus, it would be an appropriate exercise of the Court's discretion to grant the requested extension.

11. A copy of this Motion is being provided to Plaintiffs in accordance with D.C.COLO.L.CivR 6.1(c).

THEREFORE, Defendants respectfully request that this Court grant Defendants an extension of time, to and including 14 days after final resolution of Defendants' Motion to Compel Individual Arbitration, to file their Response to Plaintiffs' Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs.

DATED: May 1, 2019

Respectfully submitted,

/s/ Arthur J. Rooney
Arthur J. Rooney
Baker & McKenzie LLP
300 E Randolph Street
Suite 5000
Chicago, IL 60601
Telephone: (312) 861-8000
FAX: (312) 698-2960
arthur.rooney@bakermckenzie.com

Attorney for Defendants TTEC Healthcare Solutions, Inc. and TTEC Holdings, Inc.

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.L.CivR. 7.1A

The undersigned counsel for Defendants conferred with Plaintiffs' counsel regarding the subject of the motion.  Plaintiffs oppose the relief sought herein.

*/s/    Arthur J. Rooney*

## CERTIFICATE OF SERVICE

I certify that on May 1, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/    Arthur J. Rooney*