**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:18-cv-01574-RM-SKC

SONDRA BEATTIE, individually and on behalf of all other similarly situated individuals, and
FRANCIS HOUSTON, JR., individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

TTEC HEALTHCARE SOLUTIONS, INC., and
TTEC HOLDINGS, INC.,

    Defendants.

---

## ORDER
---

This matter is before the Court on the April 15, 2019, Report and Recommendation of Magistrate Judge N. Reid Neureiter (ECF No. 55) to deny Defendants' Motion to Compel Individual Arbitration (ECF No. 18). Defendants objected to the recommendation (ECF No. 57), and Plaintiffs responded to the objections (ECF No. 64). As explained below, the Court rejects the recommendation, sustains Defendants' objections, and grants Defendants' motion.

**I.    BACKGROUND**

Plaintiffs Beattie and Houston worked at one of Defendants' call centers. They have filed a collective and class action complaint, individually and on behalf of all other similarly situated individuals, alleging violations of the Fair Labor Standards Act and state law claims. Numerous other Plaintiffs have opted in to the case by filing consents to join (ECF Nos. 5, 25, 32-34, 38-50, 56, 58, 61-63, 65). *See Turner v. Chipotle Mexican Grill, Inc.*, 123 F. Supp. 3d

1300, 1306 (D. Colo. 2015) ("Joinder under § 216(b) is . . . even more lenient than joinder or intervention under Federal Rules of Civil Procedure 19, 20, and 24 . . . .").

Defendants have moved to compel individual arbitration, arguing that Plaintiffs Beattie and Houston assented to arbitration as part of their online job training. Although they did not sign a paper version of the arbitration agreement, Defendants argue that Plaintiffs Beattie and Houston assented to it online by clicking the "Accept" button after having an opportunity to read it. Plaintiffs Beattie and Houston argue that they are not bound by the arbitration agreement because do not recall agreeing to it.

## II.    LEGAL STANDARDS

The magistrate judge treated Defendants' motion as dispositive by issuing a recommendation rather than an order, while noting that the Tenth Circuit has not determined whether motions to compel arbitration are dispositive for purposes of 28 U.S.C. §636(b)(1). (ECF No. 55 at 6-7.) No party has objected to this aspect of the recommendation, and the Court also treats the motion as dispositive for present purposes.

When a magistrate judge issues a recommendation on a dispositive matter, "[t]he district court judge must determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). On the basis of Defendants' objections, the Court reviews de novo the magistrate judge's determination that the motion to compel arbitration should be denied.

An arbitration agreement is enforceable if there exists a valid agreement to arbitrate and the dispute falls within the scope of that agreement. Plaintiffs dispute only the first condition. Where, as here, the parties dispute whether an arbitration agreement exists, the party moving to

compel arbitration bears a burden akin to that of a party moving for summary judgment. *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1261 (10th Cir. 2012). Once Defendants have met their initial burden of demonstrating the existence of an enforceable agreement, Plaintiffs must rebut that showing with evidence establishing a genuine dispute as to whether the agreement applies. *See id.* "Generally, courts should apply ordinary state-law principles that govern the formation of contracts to determine whether a party has agreed to arbitrate a dispute." *Walker v. BuildDirect.com Techs., Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013) (quotation omitted). No party has objected to the magistrate judge's decision to apply Colorado law, and the Court also applies Colorado law.

## III. DISCUSSION

Defendants have provided an unsigned copy of the arbitration agreement (ECF No. 18-2) and documentation of Plaintiffs Beattie's and Houston's online training, including spreadsheets showing the dates on which they "completed" the arbitration agreement (ECF Nos. 18-3; 18-4). Defendants have also provided a screenshot showing that employees were presented with a hyperlink to the arbitration agreement and the following explanation: "By clicking the Accept button, you are confirming that you have already read, fully understand and accept all terms and conditions of the Arbitration Agreement Non-Exempt document. Please note that clicking the Accept button is the electronic equivalent of a hand-written signature." (ECF No. 30-7 at 2.) Employees were presented with buttons to "Accept" or "Decline" the arbitration agreement. (*Id.*) Defendants do not contend that employees were required to accept the arbitration agreement as a condition of their employment, nor do they explain what would happen if an employee declined the arbitration agreement. According to Defendants' director of human

capital, however, Plaintiffs Beattie and Houston confirmed their acceptance of the arbitration agreement and executed the agreement on the dates shown on the spreadsheets. (ECF No. 18-1 at ¶¶ 4, 5.)

Based on this evidence, the Court finds Defendants met their initial burden of demonstrating the existence of an enforceable arbitration agreement. The arbitration agreement was presented as a hybrid agreement, "where the terms being accepted do not appear on the same screen as the accept button, but are available with the use of hyperlink." *Petrie v. GoSmith, Inc.*, 360 F. Supp. 3d 1159, 1161 n.1 (D. Colo. 2019) (quotation omitted). Courts routinely uphold such agreements when the party agreeing "had reasonable notice, either actual or constructive, of the terms of the putative agreement and manifested assent to those terms." *Id.* at 1161 (quotation omitted); *see also Vernon v. Qwest Commc'ns Int'l, Inc.*, 925 F. Supp. 2d 1185, 1191 (D. Colo. 2013) ("We live in an electronic age. It is commonplace these days to enter into agreements electronically."). Defendants' contention that Plaintiffs Beattie and Houston manifested their assent to the arbitration agreement by clicking the "Accept" button is supported by employee data they routinely collect and maintain in the form of spreadsheets. *See Petrie*, 360 F. Supp. 3d at 1162. Defendants' position is further supported by the declaration of its director of human capital, who explained that the spreadsheets reflect that Plaintiffs Beattie and Houston executed the arbitration agreement.

In response to Defendants' initial showing of the existence of an agreement to arbitrate, Plaintiffs do not unequivocally deny that they agreed to the arbitration agreement. Instead, Plaintiffs Beattie and Houston declare that they "do not recall signing or assenting to" the arbitration agreement. (ECF Nos. 30-1 at ¶ 5; 30-2 at ¶ 5.) They also declare that they "would

4

very likely remember reading or signing such a document" and "strongly believe [they] did not sign or assent to such a document." (ECF Nos. 30-1 at ¶ 5; 30-2 at ¶ 5.) Their declarations also state, "If I did sign an arbitration agreement, I did not do so knowingly or voluntarily; nor was I allowed to consult with an attorney before signing such agreement." (ECF Nos. 30-1 at ¶ 8; 30-2 at ¶ 8.)

The Court finds these statements do not raise a genuine dispute of material fact regarding the existence of an agreement to arbitrate. A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, Plaintiffs Beattie and Houston do not actually deny that they executed the arbitration agreement. But even if their strong belief that they did not assent to arbitration is "equivalent to a denial," as they contend in their response to Defendants' objection to the magistrate judge's recommendation (ECF No. 64 at 17), it is insufficient to raise a genuine issue for trial. "[G]eneral denials and statements that a user does not recall visiting a website or agreeing to arbitrate are insufficient to defeat arbitration." *Petrie*, 360 F. Supp. 3d at 1162. Plaintiffs have cited no authority for the proposition that parties to an agreement may be excused from performing under it simply because they do not recall agreeing to it. "[I]f one chooses to 'sign' a contract and to accept its benefits without reading and understanding its terms, he generally must accept the consequences of his decision." *Vernon*, 925 F. Supp. 2d at 1191. In the face of Defendants' records indicating that Plaintiffs Beattie and Houston assented to the arbitration agreement, Plaintiffs offer only speculative arguments and their lack of recall. This is not enough to raise a genuine dispute about the existence of the arbitration

agreement. Plaintiffs cite no authority that is binding on this Court where a motion to compel arbitration was denied under comparable circumstances.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Compel Individual Arbitration (ECF No. 18) is GRANTED. The Court REJECTS the recommendation of the magistrate judge (ECF No. 55) and SUSTAINS Defendants' objections to the recommendation (ECF No. 57). The case is STAYED with respect to Plaintiffs Beattie and Houston. However, the case can proceed with respect to the other Plaintiffs who have opted in to this case. Defendants' response to Plaintiffs' Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs is due in fourteen days.

DATED this 21st day of May, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge