# EXHIBIT A



# ARBITRATION AGREEMENT

This Arbitration Agreement ("Agreement") is hereby entered into by and between TeleTech Holdings, Inc., including all of its officers, directors, agents, employees, subsidiaries and affiliates (hereinafter collectively referred to as "TeleTech") and _____ the undersigned employee ("Employee"). Each of the foregoing may be referred to individually as a "Party" and together as the "Parties."

## RECITALS

This Agreement is made with reference to the following facts:

    A.    The activities and the business of TeleTech affect interstate commerce. Employee acknowledges that the enforceability, application and interpretation of this Agreement shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) to the maximum extent permitted.

    B.    Employee, while performing duties for TeleTech, is engaging in an activity that affects interstate commerce.

    C.    Employee is performing services for a corporation with its principal place of business in Colorado and Employee receives payments from Colorado. Based on these and other contacts with Colorado, Employee and TeleTech reasonably expect to be and are subject to the laws of Colorado related to this Agreement insofar as issues arise that are not controlled by the Federal Arbitration Act and without regard to Colorado's conflict of laws principles.

## AGREEMENT

Now therefore, in consideration of the offer of and continued employment and such other good and valuable consideration, including without limitation the mutual promises of TeleTech and Employee, the receipt and sufficiency of which TeleTech and Employee hereby acknowledge, TeleTech and Employee agree as follows:

**1.0    Agreement to Arbitrate**

    **1.1**    Except as provided otherwise in this Agreement, any disputes arising out of or relating to Employee's employment with TeleTech or the termination thereof, are covered by this Agreement.

    **1.2**    Except to the extent claims are excluded from the coverage of this Agreement, the Parties agree to arbitrate all disputes arising out of or relating to their employment relationship, and Employee and TeleTech are each knowingly and voluntarily agreeing that arbitration of disputes under this Agreement shall be instead of litigating the disputes in a trial before a court or jury, and that they are expressly waiving their respective procedural rights to a jury and/or court trial of all disputes, except as otherwise set forth herein.

    **1.3**    **Class, Collective and Representative Actions**

You and the Company agree to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or private attorney general basis. Accordingly,

Proprietary and Confidential, Internal Use Only, Not for External Distribution

(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver").  The Class Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) a civil court of competent jurisdiction finds the Class Action Waiver is unenforceable. In such instances, the class action must be litigated in a civil court of competent jurisdiction.

(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action Waiver").  The Collective Action Waiver shall not be severable from this Agreement in any case in which (1) the dispute is filed as a collective action and (2) a civil court of competent jurisdiction finds the Collective Action Waiver is unenforceable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction.

(c) There will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general action ("Private Attorney General Waiver"). The Private Attorney General Waiver shall be severable from this Agreement in any case in which (1) the dispute is filed as a private attorney general action and (2) a civil court of competent jurisdiction finds the Private Attorney General Waiver is unenforceable. In such instances, the private attorney general action must be litigated in a civil court of competent jurisdiction.

Although an Employee will not be retaliated against, disciplined or threatened with discipline as a result of his or her exercising his or her rights under Section 7 of the National Labor Relations Act by the filing of or participation in a class, collective or representative action in any forum, the Company may lawfully seek enforcement of this Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims. Notwithstanding any other clause contained in this Agreement, any claim that all or part of the Class Action Waiver is unenforceable, unconscionable, void or voidable may be determined only by a court of competent jurisdiction and not by an arbitrator. Disputes regarding the validity and enforceability of the Class Action Waiver or Private Attorney General Waiver may be resolved only by a civil court of competent jurisdiction and not by an arbitrator.

The Class Action Waiver and Private Attorney General Waiver shall be severable in any case in which the dispute is filed as an individual action and severance is necessary to ensure that the individual action proceeds in arbitration.

**1.4** Regardless of any other terms of this Agreement, claims may be brought before and remedies awarded by an administrative agency if applicable law permits access to such an agency notwithstanding the existence of an agreement to arbitrate. Such administrative claims include without limitation claims or charges brought before the Equal Employment Opportunity Commission, the U.S. Department of Labor, or the National Labor Relations Board.

**1.5** Further, nothing in this Agreement relieves either Employee or TeleTech from any obligation either may have to exhaust administrative remedies before arbitrating any dispute under this Agreement.  For example, if Employee seeks to assert a claim of employment discrimination under a statute that requires the filing of an administrative claim before a state or federal agency such as the Equal Employment Opportunity Commission, then employee shall do so prior to demanding arbitration.

**2.0    Counsel**

Either Party has the right to have counsel represent him or her or it at the arbitration hearing and in pre-arbitration proceedings, if the Party so desires.

**3.0    Demand and Notice**

**3.1** The Party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period. Any demand for arbitration made to the Company shall be provided to TeleTech's General Counsel, 9197 South Peoria Street, Englewood, CO 80112-5833.

Proprietary and Confidential, Internal Use Only, Not for External Distribution

**3.2** Within 20 days of the date of the initial notice, the Party initiating arbitration shall send to the other Party a complaint containing a short and plain statement of the claim in accordance with Rule 8 of the Federal Rules of Civil Procedure. The opposing Party shall answer (including any counter claims) or otherwise move in accordance with Rules 8 or 12 of the Federal Rules of Civil Procedure.

**3.3** The arbitrator shall be selected by mutual agreement of the Parties. Unless the Parties mutually agree otherwise, the arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted. If for any reason the parties cannot agree to an arbitrator, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral arbitrator. The court shall then appoint an arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the arbitrator by mutual agreement. The location of the arbitration proceeding shall be no more than 45 miles from the place where the Employee last worked for TeleTech, unless each Party to the arbitration agrees in writing otherwise. If the Employee no longer resides in the general geographical vicinity where he or she last worked for TeleTech, the Parties shall agree to a location of the arbitration within 45 miles of where the Employee resides.

**4.0    Scope of Arbitration**

**4.1    Disputes Included.**  Except as specifically excluded in this Agreement, this Agreement covers any and all disputes between TeleTech and Employee. Such disputes include by way of example only and are not limited to, disputes arising out of or relating to Employee's employment with TeleTech and termination thereof, trade secrets, unfair competition, employment discrimination, harassment and retaliation, wrongful discharge, defamation, invasion of privacy, negligence, intentional infliction of emotional distress, wages, bonuses, commissions, benefits (however, excluding any pension and benefits plans subject to and governed by ERISA), and overtime, and leave. This Agreement shall also cover any and all disputes between Employee and any agent of TeleTech, whether or not that agent was acting within the scope of actual, apparent or implied authority, so long as any claim against said agent arises from the same transaction or occurrence from which Employee is asserting the same or related claims against TeleTech. Whether such claims or disputes are subject to arbitration shall be decided by the arbitrator.

**4.2    Disputes Excluded.**  The Parties further understand and agree that the following disputes, whether by Employee or by TeleTech, are not covered by this Agreement and shall be resolved in the forum that has jurisdiction over such disputes:

    4.2.1   disputes involving workers' compensation benefits under applicable state law;

    4.2.2   disputes involving benefits under any federal, state or local government administered unemployment, disability or paid family leave benefits program;

    4.2.3   disputes involving any employee/fringe benefits plan (other than suits claiming retaliation) subject to and governed by ERISA;

    4.2.4   disputes that may not be subject to predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203);

    4.2.5   private attorney general representative actions, which may be maintained in a court of law, but an Employee may seek in arbitration individual remedies for him or herself under any applicable private attorney general representative action statute, and the arbitrator shall decide whether an Employee is an aggrieved person under any private attorney general statute.]

**4.3    Injunctive Relief.**  To the extent permissible by law, a Party may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable

Proprietary and Confidential, Internal Use Only, Not for External Distribution

controversy, but only upon the ground that the award to which that Party may be entitled may be rendered ineffectual without such provisional relief.

**5.0    Discovery**

At the request of either Party, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure.  The arbitrator shall manage discovery in an expeditious and efficient manner consistent with the Parties' rights to adequately prepare their cases and the goal of reducing costs associated with extensive discovery practice in an arbitration proceeding.

**6.0    Powers and Duties of the Arbitrator**

   **6.1    Authority of the Arbitrator to Resolve Discovery Disputes.**  The arbitrator shall have the authority to resolve any discovery disputes that arise between the Parties, and to hold conferences by telephone or in-person, as necessary.

   **6.2    Pre-Hearing Conference.**  At the request of either Party, the arbitrator shall conduct a pre-hearing conference or conferences for the purpose of identifying the issues, managing discovery, identifying the witnesses to be called by each Party and the exhibits to be relied upon at the hearing by each Party, and to impose whatever time or other limitations the arbitrator deems appropriate to ensure an expeditious and fair proceeding.

   **6.3    Authority of the Arbitrator to Hear and Rule on Dispositive Motions.**  The arbitrator shall hear and rule on any dispositive motions, including but not limited to motions to dismiss, motions to strike, and motions for summary judgment.  The Arbitrator shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

   **6.4    Authority of the Arbitrator to Award Relief.**  The arbitrator shall have the jurisdiction to award monetary relief, or any other relief to which the parties may mutually agree as authorized by law.

   **6.5    Duty of the Arbitrator to Render Written Opinion.**  The arbitrator is required to render his or her decision in writing, with an opinion stating the legal and factual bases of his or her decision.

   **6.6    Other Procedural Authority.**  The arbitrator shall have the authority to enter appropriate orders to maintain and/or enhance the efficiency of the arbitration process, and shall strive to avoid unnecessary costs and delays

   **7.0    Proceedings and Briefing**

   **7.1    Evidence.**  At the request of either Party, the hearing shall be conducted under the Federal Rules of Evidence.

   **7.2    Written Transcript of the Proceedings.**  Either Party has the right to have a written transcript made of the arbitration proceedings.  The transcript shall be paid for by the Party requesting it, with the cost of copies borne by the non-requesting party, subject to any remedies to which the Parties may otherwise be entitled.

   **7.3    Submissions.**  Either Party has the right to file pre- and post-arbitration briefs, which shall be considered by the arbitrator.  The arbitrator shall issue a briefing schedule to ensure the timely resolution of the dispute, and may limit the length of written submissions.

Proprietary and Confidential, Internal Use Only, Not for External Distribution

**8.0    Payment of Costs and Fees of the Arbitrator**

**8.1    Costs.**  Each party shall bear its own attorneys' fees and costs incurred in connection with the arbitration, except as may be otherwise awarded to a prevailing party as a right or remedy under any controlling law applicable to the arbitration proceeding.

**8.2    Fee of the Arbitrator.**  The arbitrator's fees and costs shall be paid by TeleTech to the extent required by controlling law, as determined by the arbitrator.

**9.0    Enforcement**

The arbitrator's award shall be final and binding and may be enforced in any court of competent jurisdiction pursuant to the Federal Arbitration Act.

**10.0    Entire Agreement**

This is the entire Agreement between TeleTech and Employee and supersedes all prior and contemporaneous offers, promises, representations, negotiations, discussions, communications and agreements that may have been made in connection with Employee's employment concerning the matters covered by this Agreement.

**11.0    Survival**

This Agreement shall survive the termination of Employee's employment by TeleTech even if such termination is found to have been wrongful and covers any claim or dispute arising out of or related to employment by TeleTech.

**12.0    Knowing and Voluntary Agreement**

The Employee understands and agrees that Employee has been advised to consult with an attorney of Employee's own choosing before signing this Agreement and will let the Company know if any changes are requested.

**13.0    Non-Retaliation**

It is against TeleTech policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Employee believes that he or she has been retaliated against by anyone at TeleTech, the Employee should immediately report this to the Human Capital Department.

**14.0    Enforcement of This Agreement**

Except as stated in section 1.3, above, in the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable. If the Class Action Waiver, Collective Action Waiver or Private Attorney General Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

**EMPLOYEE**

Dated: _____

Employee Name Printed: _____

Employee Signature: _____

Proprietary and Confidential, Internal Use Only, Not for External Distribution