IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-03098-RM-NRN

SONDRA BEATTIE, individually and on behalf of all other similarly situated individuals, and
FRANCIS HOUSTON, JR., individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

TTEC HEALTHCARE SOLUTIONS, INC., and
TTEC HOLDINGS, INC.,

    Defendants.

---

## ORDER
---

This matter is before the Court on Plaintiffs' motion for conditional certification (ECF No. 54), Defendants' motion to stay (ECF No. 68), and Defendants' motion to compel arbitration (ECF No. 71). For the reasons given below, the Court grants the motion for conditional certification, denies as moot the motion to stay, and grants in part and denies in part without prejudice the motion to compel arbitration.

**I.    BACKGROUND**

Plaintiffs Beattie and Houston filed this lawsuit as a collective and class action, alleging, among other things, violations of the Fair Labor Standards Act ("FLSA"). Numerous other Plaintiffs have opted in to the lawsuit by filing consents to join (ECF Nos. 5, 25, 32-34, 38-50, 56, 58, 61-63, 65, 67, 69, 73-76, 78, 80, 81). On May 21, 2019, this Court granted Defendants' motion to compel arbitration with respect to Plaintiffs Beattie and Houston, while allowing the

case to proceed with respect to the other Plaintiffs. (ECF No. 66.) Plaintiffs' motion for conditional certification (ECF No. 54) was filed before that order. After the order, Defendants filed a motion to stay briefing on the issue of conditional certification (ECF No. 68). There was no ruling on the motion to stay, and Defendants later filed a response to the motion for conditional certification (ECF No. 72). Plaintiffs filed a response to Defendants motion to stay (ECF No. 70) and a reply (ECF No. 77). In addition, Defendants filed a motion to compel arbitration with respect to seventy-eight opt-in Plaintiffs (ECF No. 71), and Plaintiffs filed a response (ECF No. 79). The Court now addresses these motions in turn.

## II. ANALYSIS

### A. Motion for Conditional Certification

Plaintiffs seeks conditional certification of a proposed class consisting of "[a]ll current and former Customer Service Representatives who worked for Defendants at any of their call center facilities at any time on or after December 3, 2015 up through and including judgment." (ECF No. 54 at 1.) Proposed notice and consent forms are attached to their motion. (ECF No. 54-2.)

The Court applies a two-stage process to determine whether putative collective action members are similarly situated for purposes of 29 U.S.C. § 216(b). *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). At this initial "notice" stage, Plaintiffs need only provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (quotation omitted). The Court has "wide discretion to notify potential opt-in plaintiffs. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Defendants do not argue that the opt-in Plaintiffs are not similarly situated, and the Court finds Plaintiffs have made substantial allegations that the putative class members were victims of a single decision, policy, or plan. Defendants' sole argument against conditional certification is that the opt-in Plaintiffs' arbitration agreements mandate dismissal of Plaintiffs' motion. But, as this Court recently concluded in another case, "[t]he fact that claims not presently before the Court may be ordered to arbitration at a later date does not require that notice be withheld from potential members of the collective under the FLSA's long-established procedures for doing so, merely because some members signed an arbitration agreement." *Judd v. Keypoint Gov't Sols., Inc.*, No. 18-cv-00327-RM-STV, 2018 WL 7142193, *6 (D. Colo. Dec. 4, 2018). The same reasoning applies here. The fact that some Plaintiffs will be compelled to arbitrate their claims individually does establish grounds for denying them notice. *See id.* at *5 ("Neither the FLSA nor the Tenth Circuit require that notice be withheld from potential class members merely because they signed an arbitration agreement.").

Defendants also object that if conditional certification is granted, notice should be sent only to employees who worked for them in the three-year period preceding the Court's order instead of the three-year period preceding the filing of the complaint. In response, Plaintiffs argue that this case is a candidate for equitable tolling because of briefing on the arbitration issue. The Court agrees with Defendants on this point. In the Tenth Circuit, equitable tolling is granted sparingly, and Plaintiff has not shown that Defendants engaged in "active deception" by seeking to compel arbitration in this case. *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012). Indeed, with today's order, they have succeeded in compelling fifty-seven Plaintiffs to arbitrate their claims. Therefore, Defendants are required to provide

contact information for only those employees who worked for them as customer service representatives at any time from July 3, 2016, to July 3, 2019.[1]

Defendants' additional objections to the form and method of notice lack merit. The Court sees no reason why Plaintiffs should be limited to providing notice by regular mail. Defendants are directed to disclose telephone numbers and e-mail addresses of each putative collective action member, and Plaintiffs may provide notice by e-mail and text message as well as by regular mail. Defendants cite no authority in support of their contentions that Plaintiffs should be prohibited from communicating with potential collective action members, through its website or by other means, that the consent form is overbroad, or that the reference to "unpaid overtime pay" is improper. And because the case is being litigated on a contingency basis, the Court also rejects Defendants' argument that potential plaintiffs need to be made aware that there is a possibility that they may be liable for Defendants' costs of litigation. Therefore, the Court approves Plaintiffs' proposed notice.

B.  **Motion to Stay**

This order moots Defendants' motion to stay briefing on Plaintiffs' motion for conditional certification.

C.  **Motion to Compel**

Defendants seek to compel seventy-eight opt-in Plaintiffs to arbitrate their claims. As they concede, however, their current records indicate that fifty-five of those Plaintiffs have executed arbitration agreements. Plaintiffs concede that Defendants' proffered evidence

---

[1] Because numerous Plaintiffs have already opted in to the lawsuit, the Court does not require the language defining the proposed class to be modified, as that would create unnecessary complications in the case. This does not change the fact that, absent equitable tolling, each individual's FLSA claims accrue from the date that individual files a consent to become a party plaintiff.

4

regarding the fifty-five opt-in Plaintiffs is substantially similar to the evidence that this Court found sufficient to compel Plaintiffs Beattie and Houston to arbitrate their claims. Therefore, the Court grants in part Defendants' motion to compel as it pertains to these fifty-five Plaintiffs for the same reasons stated in the May 21, 2019, order.

With respect to the remaining opt-in Plaintiffs, Defendants concede that they have no records of any arbitration agreements. In the absence of any evidence that these Plaintiffs agreed to arbitrate, the Court will not compel them to do so. Accordingly, the Court denies without prejudice Defendants' motion to compel as it pertains to the remaining opt-in Plaintiffs.

## IV. CONCLUSION

For the reasons stated above, the Court

(1) GRANTS Plaintiffs' motion for conditional certification (ECF No. 54) as provided herein;

(2) DENIES AS MOOT Defendants' motion to stay (ECF No. 68);

(3) GRANTS IN PART and DENIES IN PART WITHOUT PREJUDICE Defendants' motion to compel (ECF No. 71) as provided herein;

(4) CONDITIONALLY CERTIFIES the following opt-in collective action class:

*All current and former Customer Service Representatives who worked for Defendants at any of their call center facilities at any time on or after December 3, 2015, up through and including judgment*; and

(5) ORDERS that Defendants shall have fourteen days from the date of this order to provide Plaintiffs, through counsel, with a list of all employees who worked as customer service representatives at any time from July 3, 2016, to July 3, 2019,

with their dates of employment, last known addresses, phone numbers, and e-mail addresses in an agreed upon format.

DATED this 3rd day of July, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge