IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-03098-NRN

SONDRA BEATTIE and FRANCIS HOUSTON, JR., individually and on behalf of all other similarly situated individuals,

    Plaintiffs

v.

TTEC HEALTHCARE SOLUTIONS, INC. and TTEC HOLDINGS, INC.,

    Defendants.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL ARBITRATION OF OPT-IN PLAINTIFFS**

## I. LEGAL ARGUMENT

Defendants' Second Motion to Compel Arbitration of Opt-In Plaintiffs (Doc. 85) ("Motion to Compel") seeks to compel opt-in plaintiffs Emily Blair, Rob Ashley Jones, Angel Powell, Bradley Sechler, and Sawayla Wright to individually arbitrate their claims based upon an unsigned and undated arbitration agreement (Doc. 85-2) and a declaration from Defendants' Director of Human Capital Anna Haugen, who, relying on purported business records, or "training transcripts," testifies that these opt-in plaintiffs electronically assented to individually arbitrate their claims during the new hire onboarding process. (Doc. 85-1, Declaration of Anna Haugen ¶¶ 3-8.) Defendants' reliance on business records, or "training transcripts," raises serious concerns in light of Defendants' admission that they cannot even ascertain whether 26 of the opt-in plaintiffs, representing approximately 30% of all individuals who have opted into this action, worked for Defendants, let alone whether they electronically assented to an arbitration agreement. (Doc. 85, Motion to Compel at 3.)

For these reasons, and for the reasons stated in Plaintiffs' briefing (*see* Doc. 30, 36 and 64) in response to Defendants' Motion to Compel Individual Arbitration (Doc. 18) and Defendants' Objections to Magistrate's Report & Recommendation (Doc. 57), Plaintiffs submit that Defendants' evidence is insufficient to compel these five opt-in plaintiffs—or any opt-in plaintiff for that matter—to individually arbitrate their claims.

That being said, Plaintiffs concede that Defendants' proffered evidence—namely, Ms. Haugen's declaration and the five opt-in plaintiffs' "training transcripts"—is substantially similar to the evidence they relied upon to successfully compel named Plaintiffs Sondra Beattie and Francis Houston, Jr. and 55 opt-in plaintiffs to arbitration. (*See* Doc. 66 and 82.) Therefore, rather than repeat the arguments made in Plaintiffs' prior briefing, Plaintiffs' primary focus is enforcing this Court's Order (Doc. 82) granting conditional certification and ensuring that prompt notice of this lawsuit is issued to the tens of thousands of Customer Service Representatives ("CSRs") who are unaware of this lawsuit, so that they can be apprised of their opt-in rights and make an informed decision regarding whether or not to opt into this case and protect their statute of limitations, which continues to run due to Defendants' repeated delay tactics, including their refusal to obey this Court's written Order to provide Plaintiffs' counsel with the names and locating information of all CSRs nationwide. (*Id*. at 5-6.)

Based upon the foregoing, specifically, Defendants' deficient and unreliable recordkeeping system, illustrated by their baffling inability to determine who works for them, Plaintiffs oppose Defendants' Motion to Compel and will continue opposing any attempt by Defendants to compel any of the CSRs to individual arbitration.

## II. CONCLUSION

For the reasons stated herein, this Court should find that Defendants failed to satisfy their initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable arbitration agreement between Defendants and the five opt-in plaintiffs who are the subject matter of Defendants' motion, and, therefore, Defendants' Motion to Compel should be denied.

Dated: August 6, 2019

Respectfully submitted,

/s/ *Rod M. Johnston*
Matthew L. Turner
Kevin J. Stoops
Rod M. Johnston
SOMMERS SCHWARTZ, P.C.
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
Fax: (248) 936-1973
mturner@sommerspc.com
kstoops@sommerspc.com
rjohnston@sommerspc.com

Attorneys for Plaintiffs and the Putative Collective/Class Members

## CERTIFICATE OF SERVICE

I certify that on August 6, 2019, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ *Janice Koehler*