**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:18-cv-03098-RM-NRN

SONDRA BEATTIE, individually and on behalf of all other similarly situated individuals, and
FRANCIS HOUSTON, JR., individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

TTEC HEALTHCARE SOLUTIONS, INC., and
TTEC HOLDINGS, INC.,

    Defendants.

___

## ORDER
___

This matter is before the Court on Defendants' motion for reconsideration of the Court's order granting conditional certification in this case. (ECF No. 86.) In the alternative, Defendants seek certification of an interlocutory appeal and an emergency stay. The motion has been fully briefed and is now ripe for review. (ECF Nos. 91, 92, 97.) For the reasons below, the Court denies the motion in its entirety.

Defendants first argue that this case became moot when the Court compelled the original Plaintiffs to arbitrate their claims, and therefore reconsideration is necessary to correct clear error and prevent manifest injustice.

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Defendants' argument is based on the premise that the Plaintiffs who have opted in to the case are not parties.  Although the Tenth Circuit Court of Appeals has not yet spoken on this issue, other federal appellate courts have concluded that plaintiffs who opt in to a collective action have party status.  *See, e.g.*, *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018); *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018); *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016); *see also* 7B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1807 (3d ed. 2016).  Defendants cite no controlling or persuasive authority to the contrary.

Accordingly, the Court concludes this case did not become moot when the original Plaintiffs were compelled to arbitrate their claims because numerous opt-in Plaintiffs had already joined the case, and their claims remained pending.

Defendants next argue that the Court's order granting conditional certification should be certified for interlocutory appeal because it presents a controlling issue of law: "Whether a district court has discretion to order that notice of a pending FLSA collective action be sent to employees who have entered into valid and enforceable arbitration agreements."  (ECF No. 86.)

Under 28 U.S.C. § 1292(b), an order not otherwise appealable may be certified for interlocutory appeal if it "involves a controlling issue of law as to which there is a substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Defendants' framing of the issue is problematic because Plaintiffs dispute the validity and enforceability of the arbitration agreements.  As a result, Defendants' reliance on *Brayman v. KeyPoint Gov't Sols., Inc.*, No. 18-cv-0550-WJM-NRN, 2019 WL 3714773 (D. Colo. Aug. 7,

2019), and *In re JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019), is misplaced.[1] In *Brayman*, the plaintiffs waived any challenge to the class action waiver at issue, and therefore the court determined that informing persons subject to the arbitration agreement that they have a right to join a collective action when they have prospectively waived that right would be inappropriate. 2019 WL 3714773, at *8. Similarly, in *JPMorgan Chase*, the plaintiffs did not contest the validity of the relevant arbitration agreements. 916 F.3d at 498.

Here, Plaintiffs dispute whether they have entered into valid and enforceable agreements. Although some of them have been compelled to arbitrate their claims, twenty-three of them have prevailed on Defendants' motion to compel arbitration. (ECF No. 82.) Additional Plaintiffs have since joined the case (ECF Nos. 84, 87, 93,94), and two motions to compel are still pending (ECF Nos. 85, 96). Setting aside any issues potential opt-in Plaintiffs may wish to raise with respect to the validity and enforceability of potential arbitration agreements that are not presently before the Court, there are still disputed issues regarding whether Plaintiffs who are already in the case have entered into valid and enforceable arbitration agreements. Under such circumstances, the order granting conditional certification cannot be said to involve a controlling issue of law.

Moreover, the Court is not persuaded that there is a substantial ground for difference of opinion on the underlying issue. *See Camara v. Mastro's Rests. LLC*, 340 F. Supp. 3d 46, 59 (D.D.C. 2018) ("The majority of district courts to have addressed the issue have determined that the fact that some employees have signed arbitration agreements does not preclude conditional certification as to all employees" (quotation omitted)); *Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 206 (D.D.C. 2018). Defendants cite no factually and procedurally

---

[1] Neither case is binding on this Court, and the Court's inclusion of them here is not meant to convey approval or disapproval of their holdings.

3

analogous cases where courts have decided that conditional certification is not appropriate based on the defendant's mere allegation that many of the potential opt-in plaintiffs are precluded from participating in a collective action because they are bound by arbitration agreements.

Additional factors weigh against certification. The Court is not persuaded that certification would advance the ultimate termination of this litigation. There is no apparent reason why this issue cannot be resolved efficiently at the second stage of the process for determining whether putative collective action members in an FLSA action are "similarly situated." *See Thiessen v. Gen Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001). The Tenth Circuit recently declined to weigh in on an order that raised substantially similar issues. *See In re KeyPoint Gov't Sols., Inc.*, No. 19-1172 (10th Cir. Jun. 11, 2019) (denying petition for writ of mandamus). And Defendants did not request certification until after the Court issued a ruling unfavorable to them. *See Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988).

Accordingly, the Court will neither permit Defendants to file an interlocutory appeal nor grant a stay.

Therefore, the Court DENIES Defendants' motion for reconsideration (ECF No. 86).

The Court ORDERS that Defendants shall have seven days from the date of this order to comply with the Court's July 3, 2019, Order (ECF No. 82).

DATED this 6th day of September, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge