FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

———————————————

| | |
|---|---|
| In re: TTEC HEALTHCARE SOLUTIONS, INC.; TTEC HOLDINGS, INC., | No. 19-1339 (D.C. No. 1:18-CV-03098-RM-NRN) (D. Colo.) |
| Petitioners. | |

———————————————

## ORDER

———————————————

Before **BACHARACH**, **KELLY**, and **McHUGH**, Circuit Judges.

———————————————

Petitioners have filed a petition for a writ of mandamus and a motion for an emergency stay pending review of their mandamus petition. Petitioners seek mandamus relief related to the district court's July 3, 2019, order. That order conditionally certifed a collective action under the Fair Labor Standards Act that includes putative plaintiffs who may be subject to arbitration agreements prospectively waiving their participation in a collective action.

On September 12, 2019, we granted a temporary stay until further order of this court. We also directed the named plaintiffs to file responses to both the mandamus petition and the motion for an emergency stay. The named plaintiffs filed a response to the mandamus petition but took no position on the emergency stay motion. Having now considered the parties' arguments, the district court materials, and the relevant legal authorities, we deny the petition for a writ of mandamus, vacate our temporary stay, and deny the emergency stay motion as moot.

"[A] writ of mandamus is a drastic remedy[] and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (internal quotation marks omitted). "Three conditions must be met before a writ of mandamus may issue. First, . . . the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. Second, the petitioner must demonstrate that his right to the writ is clear and indisputable. Finally, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 1187 (citations and internal quotation marks omitted). "Only exceptional circumstances . . . justify the invocation of this extraordinary remedy," and "[t]herefore, we will grant a writ only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *Id.* at 1186 (internal quotation marks omitted). Mandamus is not appropriate "when the most that could be claimed is that the district court[] . . . erred in ruling on matters within [its] jurisdiction." *Id.* at 1187 (internal quotation marks omitted).

Petitioners have failed to show that their right to mandamus relief is clear and indisputable or that granting the writ would be an appropriate exercise of this court's discretion. *See In re JP Morgan Chase & Co.*, 916 F.3d 494, 498, 501-02, 504 (5th Cir. 2019) (denying mandamus relief notwithstanding the court's conclusion that the district erred by ordering notice of FLSA collective action to employees who were known to have signed arbitration agreements and who did not contest the enforceability of those agreements). Accordingly, we deny the petition for a writ of mandamus. The temporary

stay entered on September 12, 2019, is vacated, and the motion for an emergency stay is denied as moot.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk