# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:18-cv-03098-RM-NRN

SONDRA BEATTIE, individually and on behalf of all other similarly situated individuals, and
FRANCIS HOUSTON, JR., individually and on behalf of all other similarly situated individuals,

    Plaintiffs,

v.

TTEC HEALTHCARE SOLUTIONS, INC., and
TTEC HOLDINGS, INC.,

    Defendants.

## ORDER

This matter is before the Court on Defendants' second and third motions to compel arbitration (ECF Nos. 85, 96). For the reasons below, the Court grants the second motion with respect to the five Plaintiffs identified therein, partially grants the third motion with respect to eight Plaintiffs identified therein, and denies the third motion without prejudice with respect to the remaining six Plaintiffs identified therein.

**I.    BACKGROUND**

Former Plaintiffs Beattie and Houston filed this lawsuit as a collective and class action, alleging, among other things, violations of the Fair Labor Standards Act ("FLSA"). Numerous other Plaintiffs have opted in to the lawsuit by filing consents to join (ECF Nos. 5, 25, 32-34, 38-50, 56, 58, 61-63, 65, 67, 69, 73-76, 78, 80, 81, 84, 87, 93, 94, 99, 100, 103, 107-180). On May 21, 2019, this Court granted Defendants' motion to compel arbitration with respect to

Plaintiffs Beattie and Houston, while allowing the case to proceed with respect to the other Plaintiffs. (ECF No. 66.) On July 3, 2019, the Court granted in part and denied in part without prejudice another motion to compel, finding that fifty-five Plaintiffs who had consented to join the case, having executed the same agreement as the original Plaintiffs, were likewise compelled to arbitrate their claims. (ECF No. 82.)

Defendants filed the second and third motions to compel[1] after the Court granted conditional certification, which Defendants unsuccessfully appealed to the United States Court of Appeals for the Tenth Circuit. Notice has now been sent to the collective action class, and Plaintiffs have continued to join the case while the motions were pending.

## II.     ANALYSIS

### A.     Second Motion to Compel

Defendants' second motion to compel argues that five Plaintiffs who opted in to the case electronically executed the same arbitration agreement in the same manner as the fifty-seven Plaintiffs who have thus far been compelled to arbitrate their claims. Plaintiffs concede that the evidence with respect to these five Plaintiffs is "substantially similar" to the evidence relied upon to successfully compel those fifty-seven Plaintiffs to arbitration. (ECF No. 90 at 2.) Therefore, the Court grants the second motion to compel for the same reasons provided in its previous orders. (*See* ECF Nos. 66, 82.)

---

[1] Consistent with the pleadings, the Court refers to the current motions as the "second" and "third," even though two motions to compel (ECF Nos. 18, 71) preceded them.

B.     **Third Motion to Compel**

Defendants seek to compel fourteen additional opt-in Plaintiffs to arbitrate their claims. The Court finds that the evidence with respect to eight of these Plaintiffs[2] is substantially similar to the evidence relied on to compel other Plaintiffs to arbitrate their claims, and therefore these Plaintiffs must arbitrate their claims. However, six of these opt-in Plaintiffs[3] have offered different evidence to support their claims. In its previous orders, this Court concluded that opt-in Plaintiffs statements that they could not recall agreeing to arbitration were insufficient to create a genuine issue of material fact in light of Defendants' business records showing that they had electronically executed the agreements. But these opt-in Plaintiffs have each filed sworn declarations stating as follows: "I am certain that I never physically or electronically signed or assented to an arbitration agreement before or during my employment with TTEC." Additional statements in the declarations directly refute Defendants' contention that these opt-in Plaintiffs are bound by the arbitration agreement. For present purposes, the Court finds that this testimony raises a genuine dispute about the existence of arbitration agreements that are binding on these six Plaintiffs.

Generally, when there are genuine issues of material fact regarding the making of agreement to arbitrate, a jury trial on the existence of the agreement is warranted. *See Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997). However, this is a case where the total number of Plaintiffs and the number of Plaintiffs subject to arbitration agreements are

---

[2] They are Tecolia Byrd, Christopher Clark, Doris Clay, Dallas Foster, Gary Jones, Madison Schwartzmeyer, Sheryl White, and Chrisha Williams. (ECF No. 96 at 3.)
[3] They are Kimberly Dotson, Travis Dotson, Jasmine Holmes, Kurt Kramer, Latrice Peterson-Davis, and Gregory F. Rambonga. (ECF No. 101 at 7.)

moving targets. Accordingly, the Court denies without prejudice the motion to compel these Plaintiffs to arbitrate.

IV. **CONCLUSION**

The Court GRANTS Defendants' second motion to compel (ECF No. 85) and GRANTS IN PART and DENIES IN PART WITHOUT PREJUDICE Defendants' third motion to compel (ECF No. 96) as provided herein.

DATED this 23rd day of December, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge