IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 1:18-cv-03098-RM-NRN

SONDRA BEATTIE, individually and on behalf of all other similarly situated individuals, and
FRANCIS HOUSTON, JR., individually and on behalf of all other similarly situated individuals,

       Plaintiffs,

v.

TTEC HEALTHCARE SOLUTIONS, INC., and
TTEC HOLDINGS, INC.,

       Defendants.

_____

**ORDER**
_____

This matter is before the Court on Defendants' fourth motion to compel arbitration (ECF No. 190) and Plaintiffs' motion to file an amended complaint (ECF No. 191). As explained below, Defendants' motion is granted in part and denied in part, and Plaintiffs' motion is granted.

## I.    BACKGROUND

Plaintiffs Beattie and Houston filed this lawsuit as a collective and class action, alleging, among other things, violations of the Fair Labor Standards Act ("FLSA"). The Court granted conditional collective certification (ECF No. 82), and more than three thousand other Plaintiffs have opted into the lawsuit by filing consents to join (ECF Nos. 5, 25, 32-34, 38-50, 56, 58, 61-63, 65, 67, 69, 73-76, 78, 80, 81, 84, 87, 93, 94, 99, 100, 103, 107-180, 182-186). The Court has also granted motions to compel arbitration for seventy Plaintiffs, including the original named

Plaintiffs.  (ECF Nos. 66, 82, 181.)  The parties stipulated that Defendants would file a final motion to compel arbitration by March 16, 2020, and that Plaintiffs would file a motion to amend the complaint by April 17, 2020.  (ECF No. 187.)  Those motions have been filed and briefed and are now ripe for review.

## II.   ANALYSIS

### A.   Fourth Motion to Compel Arbitration

Defendants' fourth motion to compel argues that 2,487 Plaintiffs who have opted into the case executed arbitration agreements in the same manner as the seventy former Plaintiffs who have been compelled to arbitration.  In response, Plaintiffs filed declarations from 339[1] of those Plaintiffs stating they are certain that they were never presented with a physical or electronic copy of an arbitration agreement and that they never physically or electronically signed or agreed to an arbitration agreement before or during their employment with Defendants.  (ECF No. 193-3.)  In its previous orders, the Court determined the arbitration agreements were enforceable.  The Court also determined declarations such as those described above were sufficient to raise a genuine issue regarding the existence of an agreement to arbitrate.  Applying the principle of the law of the case would seem to dictate the result here.  To the extent the parties contend that the circumstances are significantly different with respect to the 2,487 Plaintiffs that are the subjects of Defendant's latest motion, the Court is not persuaded.

First, the Court finds that in the context of this case, the sworn declarations submitted in support of their current motion are sufficient evidence to support a finding that these 2,487

---

[1] A total of 342 declarations were filed, but three were from Plaintiffs not included in Defendants' motion.

Plaintiffs entered into arbitration agreements.  With respect to 2,148 of these Plaintiffs, Plaintiffs have presented adduced no evidence to the contrary.

Second, the Court rejects Plaintiffs' contention that the arbitration agreements are invalid because the signature block is blank.  The Court has already concluded that Defendants' business records were sufficient to establish that similarly situated Plaintiffs electronically executed the arbitration agreements.

Third, the Court also rejects Plaintiffs' contention that the Revana[2] agreement is not enforceable.  This version of the arbitration agreement has a clause reserving Revana's right, "in its sole discretion, to modify, amend, adjust, or revise its policies and guidelines at any time without advance notice."  (ECF No. 190-2 at 2.)   Plaintiffs contend that this clause renders the arbitration provision illusory because Defendants are free to withdraw unilaterally from the arbitration agreement.  *See In re Cox Enters., Inc. Set-top Cable Televsion Box Antitrust Litig.*, 835 F.3d 1195, 1211 (10th Cir. 2016) ("[A]n illusory promise arises when a promisor retains the right to decide whether or not to perform the promised act." (quotation omitted)).  But regardless of whether the arbitration agreement constitutes one of Defendants' "policies and guidelines" subject to the clause above, that is a question to be resolved by the arbitrator.  *See id.* ("Plaintiffs' 'illusory' argument, which can prevail only as an attack on the . . . agreement as a whole, must be resolved by the arbitrator.").

Fourth, the Court is not persuaded by Defendants' contention that the declarations of 339 Plaintiffs are insufficient to raise a genuine issue as to the existence of an agreement between

---

[2] Plaintiffs contend that five of them allegedly signed this version of the arbitration agreement.  (ECF No. 193 at 3.) But they do not argue there are any other material differences between the three versions of the arbitration agreement Defendants used.

them and Defendants.  As noted in the Court's previous order, when there are genuine issues of material fact regarding the making of agreement to arbitrate, a jury trial on the existence of the agreement is warranted.  *See Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997).  Accordingly, the Court denies Defendants' motion to compel with respect to these 339 Plaintiffs but grants the motion with respect to the remaining 2,148 Plaintiffs included in it.

**B.      Motion to Amend the Complaint**

Plaintiffs' motion for leave to file an amended complaint (ECF No. 191) was timely filed in accordance with the parties' stipulation.  Although Defendants did not waive their right to object to the motion, the Court finds their objections lack merit.

A motion for leave to amend the complaint should be granted when justice so requires. Fed. R. Civ. P. 15(a)(2).  Courts "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

First, Defendants' contention that Plaintiffs' motion is unduly delayed is not well taken considering the parties stipulated to the April 17, 2020, deadline.  Defendants did reserve the right to object to the motion, but the suggestion of undue delay on the part of Plaintiffs is inapt here because they met the agreed upon deadline.

Second, Defendants' contention that that amendment would be futile is also unavailing. Due to the nature of this collective action, numerous consents to join were filed and the collective class grew to over three thousand opt-in Plaintiffs.  Under the circumstances, it made sense to wait until the agreed upon deadline to incorporate all the necessary amendments at once.

4

Nor was there any undue prejudice to Defendants as a result of the added state claims because the previous complaint included comparable state claims as class action claims under Fed. R. Civ. P. 23.

## IV.    CONCLUSION

Therefore, the Court GRANTS IN PART and DENIES IN PART Defendants' fourth motion to compel (ECF No. 190), as stated herein, and GRANTS Plaintiffs' motion to file an amended complaint.  Plaintiffs' are directed to file a redlined version of the amended complaint in accordance with D.C.COLOLCivR 15.1(a) on or before July 7, 2020.  Once they have done so, the Clerk is directed to docket the amended complaint Plaintiffs submitted with their motion. (ECF No. 191-1).

DATED this 26th day of June, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

5