IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CAROL E. DAVIS, YVETTE MONICA DAVIS, TRACY FIGUEROA, DIEDRE WINGET, ANN MARIE COLE, JAVONTE DUNCAN, LAKIYAH N. DAVIS, LEON PATRICK CHERRY, CEDRIC RANDLE, SHANICKQUA B. HUDSON, SANDRA KAY GRIFFIN, MYKIESHA MCFARLAND, MELISSA ZWEYER and JESSICA JONES, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TTEC HEALTHCARE SOLUTIONS, INC. and TTEC HOLDINGS, INC.,<br><br>Defendants. | Case No.: 1:18-cv-03098-RM<br><br>**DEFENDANTS' MOTION TO DISMISS NON-RESPONSIVE PLAINTIFFS PAMELA ARMENTO, TREVIS BOOKER, KIMBERLY BROWN, SANDRA GRIFFIN, KAREN HARRELL-WILLIS, JORGE GONZALES, WILLIAM JAMES, TONJA MULLINS, RICKY MUNCY, AND KIM WALSTON** |

Defendants TTEC Healthcare Solutions, Inc. and TTEC Holdings, Inc. (collectively, "TTEC" or "Defendants"), pursuant to Fed. R. Civ. P. 16 and Fed. R. Civ. P. 37, hereby file their Motion to Dismiss Non-Responsive Plaintiffs Pamela Armento, Trevis Booker, Kimberly Brown, Sandra Griffin, Karen Harrell-Willis, Jorge Gonzales, William James, Tonja Mullins, Ricky Muncy, and Kim Walston (collectively, "Non-Responsive Plaintiffs").

**CERTIFICATE OF COMPLIANCE WITH D.C. COLO. L. Civ. R. 7.1(A)**

Counsel for Defendants conferred with Plaintiffs' counsel regarding the subject of the motion. Plaintiffs oppose the relief sought herein.

**I.      INTRODUCTION**

On December 3, 2018, Plaintiffs filed this putative class and collective action against Defendants. [ECF 1.] In short, Plaintiffs claim that Defendants did not compensate the Plaintiffs

and other current and former call center employees for all of their hours worked. On July 3, 2019, the Court granted Plaintiffs' motion for conditional certification. [ECF 82.] Ultimately, more than 3,000 individuals filed written consents to join the action. Each of the Non-Responsive Plaintiffs chose to join the present lawsuit against Defendants as follows:

- Sandra Griffin joined the lawsuit as a Named Plaintiff on July 8, 2020 [ECF 210];
- Pamela Armento filed a "Consent to Join Form" on December 31, 2019 [ECF 184-7];
- Trevis Booker filed a "Consent to Join Form" on November 20, 2019 [ECF 148-3];
- Kimberly Brown filed a "Consent to Join Form" on December 5, 2019 [ECF 162-6];
- Karen Harrell-Willis filed a "Consent to Join Form" on November 1, 2019 [ECF 116-10];
- Jorge Gonzales filed a "Consent to Join Form" on November 5, 2019 [ECF 124-3];
- William James filed a "Consent to Join Form" on November 5, 2019 [ECF 119-4];
- Tonja Mullins filed a "Consent to Join Form" on December 19, 2019 [ECF 179-2];
- Ricky Muncy filed a "Consent to Join Form" on December 12, 2019 [ECF 170-7]; and
- Kim Walston filed a "Consent to Join Form" on December 4, 2019 [ECF 161-10].

On May 28, 2020, the Court entered an order requiring each Named Plaintiff and 30 Opt-In Plaintiffs selected by Defendants to respond to written discovery requests from Defendants. [ECF 203, p. 8.] Defendants had sought the opportunity to serve written discovery on and take the depositions of a significantly larger group of Opt-In Plaintiffs (10%) in order to have a representative sample sufficient to defend against the substantive and class/collective claims in this lawsuit; the Court rejected this request. [*See* ECF 203, p. 11.]

-2-

Defendants served Interrogatories, Requests to Admit, and Requests for Production on Griffin on February 24, 2021, and on each of the other Non-Responsive Plaintiffs on February 26, 2021. The discovery requests served on the Opt-In Plaintiffs were extremely limited: no more than 5 Interrogatories, 5 Requests to Admit, and 5 Requests for Production.[1] Under the Court's Scheduling Order, the Opt-in Plaintiffs were provided additional time (60 days) to respond to Defendants' discovery requests. Accordingly, Named Plaintiff Griffin had until March 25, 2021 to respond, and the other Non-Responsive Plaintiffs had until April 27, 2021 to respond to this written discovery. [*See* ECF 203, p. 12.] To date, the Non-Responsive Plaintiffs have not responded.

Plaintiffs sought multiple extensions to the discovery response deadlines, which Defendants granted. For example, on April 9, 2021 Defendants granted Plaintiffs' request to extend the deadline for both Named Plaintiffs and Opt-In Plaintiffs to April 30, 2021. [*See* Exhibit A, April 9 Emails.] On April 29, 2021, Defendants granted Plaintiffs' request to extend the same deadline to May 14, 2021. [Exhibit B, April 29 Email.] Defendants never denied a request for an extension.

That same day, counsel for Plaintiffs informed Defendants that "our office has been unable to connect with" numerous individuals who chose to bring claims against Defendants, including Non-Responsive Plaintiffs Armento, Booker, Brown, Gonzalez, James, and Muncy. *Id.* Counsel for Plaintiffs also informed Defendants that "Kim Walston[] and Sandra Griffin will be opting out of the case and we intend to file notices of withdrawal for them soon." *Id.*

When Defendants again inquired about the overdue discovery responses on May 19, counsel for Plaintiffs reiterated that they were unable (despite repeated efforts) to connect with

---

[1] Even Named Plaintiffs such as Griffin only had to respond to 15 Interrogatories, 15 Requests to Admit, and 15 Requests for Production. [*See* ECF 203.]

-3-

Armento, Booker, Brown, Gonzalez, James, or Muncy. [Exhibit C, May 19 Email.] In addition, counsel for Plaintiffs informed Defendants that Non-Responsive Plaintiffs Harrell-Willis and Mullins "have likewise become unresponsive." *Id*. Counsel for Plaintiffs also stated they "plan to dismiss Sandra Griffin as a named Plaintiff and to file a notice of withdrawal of consent to join collective action for Kim Walston." *Id*.

Despite these assurances, counsel for Plaintiffs have not dismissed Named Plaintiff Griffin.[2] Nor has Plaintiffs' counsel agreed to dismiss any of the other Non-Responsive Plaintiffs despite these individuals' refusal to comply with their discovery obligations. In short, Defendants served discovery on 14 Named Plaintiffs pursuant to the Court's scheduling order, but have not received responses from four[3] of them (29%). Defendants served discovery on 30 Opt-In Plaintiffs pursuant to the Court's scheduling order, but have not received responses from nine of them (30%), including two individuals (Armento and Walston) that Plaintiffs themselves also selected for written discovery on Defendants.

## II. THE NON-RESPONSIVE PLAINTIFFS SHOULD BE DISMISSED WITH PREJUDICE

Each of the Non-Responsive Plaintiffs violated the Court's Scheduling Order requiring responses to Defendants' written discovery. [*See* ECF 203.] Under Fed. R. Civ. P. 37(b)(2), if a party fails to comply with a court order by not producing discovery responses, the Court has discretion to, among other actions, (1) stay further proceedings until the order is obeyed; (2) dismiss the action or proceeding in whole or in part; or (3) treat as contempt of court the failure to obey the order. Similarly, the Court may "issue any just orders, including those authorized by Rule

---

[2] Plaintiffs' counsel has told Defendants that they are contacting Griffin in order to effectuate dismissal.
[3] In addition to Griffin, Named Plaintiffs Tracy Figueroa, Jessica Jones, and Melissa Zweyer have not responded. Counsel for Plaintiffs has informed Defendants that Figueroa recently passed away. Jones and Zweyer were served with discovery on May 20, 2021. Defendants are not moving for the dismissal of Figueroa, Jones, or Zweyer at this time but reserve the right to do so.

-4-

37(b)(2)(A)(ii)-(vii), if a party or its attorney: … (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). *See also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case."); *EBI Securities Corp. v. Hamouth*, 219 F.R.D. 642, 647 (D. Colo. 2004) (court may dismiss a party as a sanction under Fed. R. Civ. P. 37).

The Non-Responsive Plaintiffs' claims should be dismissed with prejudice because these Plaintiffs affirmatively chose to participate in this action, then failed to provide discovery and failed to abide by a Court order, causing Defendants unnecessary cost and delay. Additionally, Defendants have suffered prejudice by the process of choosing a random sample of plaintiffs for discovery and having nearly a third of those chosen fail to provide discovery. Defendants are prejudiced because the available discovery responses do not represent a random sample of the plaintiffs and impacts Defendants' ability to determine whether the Plaintiffs are "similarly situated." Finally, the Non-Responsive Plaintiffs' conduct is evidence of a willful failure to comply with discovery obligations and Court orders because these Plaintiffs chose to participate in this lawsuit and agreed to provide discovery. As such, they should be dismissed with prejudice. *See Davis v. Westgage Planet Hollywood Las Vegas, LLC*, No. 2:08CV722, 2010 WL 5490775 (D. Nev. Nov. 8, 2010) (dismissing opt-in plaintiffs from random sample chosen to provide discovery but who failed to respond in violation of court order); *Brennan v. Qwest Commc'ns Int'l, Inc.*, No. 07-2024, 2009 WL 1586721, at *7-8 (D. Minn. June 4, 2009) (finding opt-in plaintiffs who failed to make themselves available for depositions or respond to discovery should be dismissed with prejudice); *Morangelli v. Chemed Corp.,* No. 10 Civ. 876, 2011 WL 7475 (E.D.N.Y. Jan. 1, 2011) (dismissing several opt-in plaintiffs who refused to provide discovery, or were out of contact with counsel).

### III.    DEFENDANTS SHOULD BE AWARDED THEIR COSTS AND FEES ASSOCIATED WITH THIS MOTION

Under Rule 37(b)(2)(C), the Court "***Must*** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" (emphasis added). For the reasons stated above, the Non-Responsive Plaintiffs have exhibited an intentional flaunting of the Court's order regarding discovery, as well as their obligations under the Federal Rules of Civil Procedure, and have caused Defendants substantial prejudice.

Defendants should not be forced to incur the costs associated with this motion to dismiss individuals who affirmatively chose to join the lawsuit but then chose to disregard this Court's order and their discovery obligations. *See, e.g., Gonzales v. Schnell*, 2021 WL 662309, at *1 (D. Colo. Feb. 19, 2021) (awarding sanctions and attorney's fees for a party's failure to respond to outstanding discovery requests). Moreover, these costs are in addition to the resources that Defendants have already wasted in selecting individuals for discovery and preparing discovery requests.

### IV.    CONCLUSION

Defendants respectfully request that the Court dismiss with prejudice all claims in the Complaint brought by Pamela Armento, Trevis Booker, Kimberly Brown, Sandra Griffin, Karen Harrell-Willis, Jorge Gonzales, William James, Tonja Mullins, Ricky Muncy, and Kim Walston enter an order granting Defendants their costs and fees associated with the present motion, and grant such other and further relief in Defendants' favor that this Court deems appropriate under the circumstances.

Dated: June 4, 2021

PERKINS COIE LLP

/s/ Arthur J. Rooney
Arthur J. Rooney
Adam J. Weiner
Perkins Coie LLP
131 South Dearborn Street
Suite 1700
Chicago, IL 60603
Tel.: (312) 324-8506
Fax: (312) 263-8661
arooney@perkinscoie.com
aweiner@perkinscoie.com

Attorneys for Defendants TTEC Healthcare Solutions, Inc. and TTEC Holdings, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

>Rod M. Johnson
>Kevin Jay Stoops
>Matthew L. Turner
>Alana Karbal
>**Sommers Schwartz, PC**
>One Town Center, Suite 1700
>Southfield, MI 48076
>rjohnston@sommerspc.com
>kstoops@sommerspc.com
>mturner@sommerspc.com
>
>*Attorneys for Plaintiffs*

/s/   Arthur J. Rooney