IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-03098-RM-NRN

CAROL E. DAVIS, et al., individually and on behalf of all other similarly situated individuals,

Plaintiffs,

v.

TTEC HEALTHCARE SOLUTIONS, INC. and TTEC HOLDINGS, INC.,

Defendants.

---

**REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION TO EXTEND THE PLEADING AMENDMENT DEADLINE AND
FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT
(Dkt. #291)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #292) issued by Judge Raymond P. Moore referring Plaintiffs' Motion to Extend the Pleading Amendment Deadline and For Leave to file a Third Amended Complaint. (Dkt. #291.) Defendants TTEC Healthcare Solutions, Inc. and TTEC Holdings, Inc. (collectively, "TTEC" or "Defendants") responded to the Motion (Dkt. #299), and Plaintiffs replied. (Dkt. #303.) On December 20, 2021, the Court heard argument on the Motion. (*See* Dkt. #312.) The Court has taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed, the Court RECOMMENDS that the Motion to Amend be GRANTED only with respect to the

addition of Mr. McPherson, Ms. Simmons, and Ms. Scott as named plaintiffs. The Court RECOMMENDS that the Motion to Amend be DENIED in all other respects.

## BACKGROUND

This lawsuit is a collective and nationwide class action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, alleging, among other things, willful violations by Defendnats of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–209, for Defendants' alleged failure to compensate Plaintiffs and other current and former call center employees for all hours worked. The case was originally filed on December 3, 2018 (*see* Dkt. #1), over three years ago.

The Scheduling Order in this matter was entered on May 28, 2020, and it set the deadline for amendment of pleadings as July 10, 2020. (Dkt. #203 at 12.)

On April 17, 2020, Plaintiffs sought leave to file a First Amended Complaint (Dkt. #191), which Judge Moore granted on June 26, 2020. (Dkt. #206.) The First Amended Complaint added several plaintiffs, including Carol Davis, and added Rule 23 state law class action allegations. (Dkt. #210.)

On March 23, 2021, Plaintiffs sought leave to file Second Amended Complaint. (Dkt. #225.) The Court granted the motion in part on May 3, 2021. (Dkt. #235.) Ultimately, the Second Amended Complaint substituted the West Virginia class representative. (Dkt. #236.)

Plaintiffs filed the present Motion to Amend on October 29, 2021, more than a year after the deadline to amend pleadings. Plaintiffs seek to add several named plaintiffs and factual allegations concerning Defendants' shift to virtual operations after the onset of the COVID-19 pandemic.

## LEGAL STANDARD

The deadline to amend pleadings was July 10, 2020. (Dkt. #203 at 12.) Allowing amendment would mean modifying the scheduling order, which, as Plaintiffs correctly note, requires good cause under Rule 16. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (explaining that once the scheduling order deadline has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard"). In practice, this good cause standard requires the movant to show the scheduling deadlines could not be met despite the movant's diligent efforts. Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. If the plaintiff generally knew of the underlying conduct but simply failed to raise the claim, however, good cause is not shown. *Id.*

Assuming Plaintiffs can show good cause for amendment, the Court turns to the principle that leave to amend shall be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court may exercise its discretion to deny a motion to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by previously allowed amendments, or futility of the amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## ANALYSIS

With their Motion to Amend, Plaintiffs identify four categories of amendments. First, they seek to substitute the Gary McPherson and Frances Simmons as named plaintiffs for the putative Arizona and Kentucky classes, respectively. Second, they wish to add five additional named plaintiffs for the putative Arkansas, Nevada, North Carolina, and Texas classes. According to Plaintiffs, each of this set of proposed class representatives worked for Defendants at a call center facility, and then later worked from home as virtual call agents. Their addition would better represent the class and collective action members who started working for Defendants as virtual call agents at the onset of the COVID-19 pandemic. Third, Plaintiffs seek to add an additional named plaintiff from North Carolina, because the current representative never worked overtime. Fourth and finally, Plaintiffs seek to add factual allegations concerning Defendants' shift to a virtual contact center due to the COVID-19 pandemic.

Defendants object to all of the proposed amendments, arguing that Plaintiffs have known of the facts underlying the request for the amendments for months and have failed to show good cause to modify the Scheduling Order, particularly in light of Plaintiffs' delay in seeking the proposed amendments. Further, Defendants argue that they will be prejudiced by the proposed amendments.

### I. Plaintiffs should be granted leave add Mr. McPherson and Ms. Simmons as named plaintiffs.

First, Plaintiffs seek to substitute Gary McPherson (Arizona) and Frances Simmons (Kentucky) as named plaintiffs in place of Deidre Winget (Arizona), Tracy Figueroa (Arizona), and Lakiyah Davis (Kentucky).

The Court finds that Plaintiffs should be permitted to amend the complaint to replace Ms. Winget and Ms. Figueroa with Mr. McPherson. Ms. Winget was deficient in

4

her discovery obligations, so Judge Moore dismissed her without prejudice on September 30, 2021. (Dkt. #278.) Ms. Figueroa is deceased. Plaintiffs have known of this fact since at least May 19, 2021, more than 5 months before filing the Motion to Amend. (*See* Dkt. #299-4.) They filed a Suggestion of Death for Ms. Figueroa on June 21, 2021. (*See* Dkt. #246.) After seeking an extension, Plaintiffs were given until December 20, 2021 to file a motion for substitution. (*See* Dkt. #270.) Upon review of the docket, it appears that Plaintiffs never filed such motion and instead appear to rely on this Motion to Amend.

Plaintiffs have shown good cause to amend the Complaint to add Mr. McPherson as named plaintiff for the putative Arizona state class, replacing Ms. Winget and Ms. Figueroa. Ms. Winget was dismissed shortly before the Plaintiffs filed this motion. And, though Defendants complain that Plaintiffs knew of the need to replace Ms. Winget as late as September 14, 2021,[1] and potentially earlier, the Court finds that the any delay in seeking to replace Ms. Winget is not undue. The delay between the discovery of Ms. Figueroa's passing and the Motion to Amend is much longer—more than 5 months. However, the Court finds this delay inconsequential.

There is minimal prejudice to Defendants if Plaintiffs are allowed to add Mr. McPherson to the Complaint. Mr. McPherson has already responded to written discovery and has sat for a deposition. His substitution for Ms. Winget and Ms. Figueroa does not materially alter the claims or factual allegations in this case.

---

[1] *See* Dkt. 299-5, Email from Plaintiffs' counsel indicating she will draft notice of dismissal for Ms. Winget and Ms. Davis, among others.

The Court also finds good cause to allow Plaintiffs to replace Ms. Davis with Ms. Simmons as the putative Kentucky state class representative. Like Ms. Winget, Ms. Davis was dismissed from this matter on September 30, 2021. (Dkt. #278.) Plaintiffs knew that Ms. Davis would be dismissed on September 14, 2021, when they acknowledged that they would draft the notice of dismissal. (Dkt. 299-5.) The brief delay between Ms. Davis' dismissal and the Motion to Amend seeking to replace her is not undue.

The prejudice to Defendants if Ms. Simmons is added as a named plaintiff is minimal. Though Ms. Simmons has not yet responded to discovery, Plaintiffs state that Ms. Simmons has agreed to respond to discovery previously propounded by Defendants and that they will schedule her deposition within ten days of the entry of an order granting the Motion to Amend. Though further discovery may be a burden on Defendants, the burden is slight and one they face in any litigation. The cost of additional discovery alone is insufficient to deny the amendment.

Finally, the Court notes that, at oral argument, Defendants conceded that the substitution of Mr. McPherson and Ms. Simmons (and Ms. Scott, addressed below) would not be overly prejudicial. Instead, they focused on the Plaintiffs' delay in bringing the Motion to Amend, which the Court finds insignificant with respect to these amendments.

## II.     Plaintiffs should be granted leave to add Ms. Scott as a named plaintiff.

Plaintiffs also seek to add Jessica Scott as a named plaintiff "to represent the interests of North Carolina class members who worked overtime," because the current named plaintiff, Shanickqua Hudson, never worked overtime for Defendants. (Dkt. #291

at 5.) They argue that denying leave to amend would extinguish the overtime state law claims of the North Carolina class members and force Ms. Scott to file a separate class action against Defendants. (*See* Dkt. 303 at 11.)

Defendants argue Ms. Hudson has been a named plaintiff since the First Amended Complaint was filed on July 7, 2020 (*see* Dkt. #210) and Plaintiffs knew they would designate Hudson as a named plaintiff no later than April 17, 2020, when they filed their Motion for Leave to File a First Amended Complaint. (*See* Dkt. #191.) Defendants suggest that Plaintiffs should have known whether Ms. Hudson worked overtime when they sought leave to file the First Amended Complaint and to introduce her as a named plaintiff.

Even if Plaintiffs did not know Ms. Hudson had never worked overtime when they identified her as a named plaintiff, Defendants produced records to Plaintiffs showing that Ms. Hudson had never worked overtime on December 4, 2020. Therefore, Plaintiffs should have known by the end of 2020, at the latest, that Ms. Hudson was not a suitable class representative for those with overtime claims. The ten-month delay in seeking to add Ms. Scott as a named plaintiff alongside Ms. Hudson for the putative North Carolina class, they argue, is inexcusable. Plaintiffs, however, contend that it was "prudent" to wait until Ms. Scott had responded to discovery and been deposed before seeking to add her as a named plaintiff for the putative North Carolina class, particularly given that many opt-in plaintiffs elected to withdraw from the case rather than participate in discovery. There is no explanation, from either party, as to when Ms. Scott completed discovery.

The Court finds good cause to amend the Scheduling Order to allow the addition of Ms. Scott as a named plaintiff. There is no indication that Plaintiffs knew Ms. Hudson was not a suitable class representative when then they added her as a named plaintiff before the expiration of the pleading deadline. Put differently, the Court does not find that Plaintiffs should have sought Ms. Hudson's substitution or the addition of Ms. Scott before the July 10, 2020 deadline to amend.

Further the addition of Ms. Scott is technical—it preserves the putative North Carolina class members' overtime claims, which have been a part of this litigation since the First Amended Complaint. (*See* Dkt. #210 at ¶¶ 199–206.) The Court is also guided by case law indicating that substitution of class representatives should be granted liberally. *See In re Motor Fuel Temperature Sales Pracs. Litig.*, No. 07-MD-1840-KHV, 2009 WL 3122501, at *2 (D. Kan. Sept. 24, 2009) (granting motion to amend to substitute named plaintiffs); *Lindley v. Life Investors Ins. Co. of Am.*, Nos. 08-0379 & 09-1429, 2009 WL 2601949, at *4 (N.D. Okla. Aug. 20, 2009) (explaining, "[i]f it becomes clear that class certification is appropriate but plaintiff is not a suitable class representative, plaintiff may pursue his individual claims to completion and a new class representative may be substituted"); *In re Aluminum Phosphide Antitrust Litig.*, 160 F.R.D. 609, 613 (D. Kan. 1995) (rejecting defendants' argument that named plaintiffs' claims were not typical of class in motion for class certification: "If it later becomes apparent that certain types of purchasers are not adequately represented by the named

representatives, the Court may require substitution or addition of a class representative or, alternatively, modify the class definition to exclude such purchasers").[2]

The Court is troubled by Plaintiffs' ten-month delay between when they knew or should have known that Ms. Hudson was not an adequate class representative (for the purpose of overtime claims) and seeking to add Ms. Scott as a putative class representative. However, the Court also understands the difficulties Plaintiffs faced in securing individuals willing to actively participate in this litigation, as well as the desire to avoid multiple rounds of amendment for small, non-substantive changes.

Importantly, this amendment will not unduly prejudice Defendants. As previously discussed, Defendants conceded that prejudice with respect to substituting or adding named plaintiffs, where there was no change to the underlying claims, is minimal. Further, they have known about the North Carolina overtime claims for nearly a year and a half. Allowing amendment to preserve these claims in no way affects their defense of this case, nor will it significantly impact discovery. Ms. Scott has already responded to written discovery and Defendants have deposed her.

### III. Plaintiffs should be denied leave to add five new class representatives and factual allegations concerning the virtual call center model.

The Court addresses Plaintiffs' remaining proposed amendments together. Specifically, Plaintiffs seek to add five class members—Donna Ford (Arkansas), Mikayla

---

[2] Defendants argue that *Lindley* and *In re Aluminum Phosphide Anitrust Litig.* are inapposite in part because they are not decided in the context of a motion to amend. The Court disagrees. Though the procedural posture differs, these cases support the proposition that courts in the Tenth Circuit have liberally allowed substitution of named plaintiffs at a variety of stages of the litigation, including past the deadline to amend pleadings and even after class certification.

McCraney (Nevada), Brigitte St. Clair (North Carolina), Melody Wade (Texas), and Rosanna Viray (Texas)—as named plaintiffs. These five individuals all worked for Defendants at a call center facility and later, as a result of the COVID-19 pandemic, worked as virtual call center agents from their homes. Plaintiffs argue that the addition of these individuals is necessary to "best represent the interests of the state classes and the FLSA collective, including, specifically, class/collective action members who started working for Defendants as virtual call agents at the onset of the COVID-19 pandemic." (Dkt. #291.) Relatedly, Plaintiffs seek to update the factual allegations in the operative complaint to reflect Defendants' shift to a virtual contact center model due to the global COVID-19 pandemic. They argue that details concerning the virtual model were uncovered throughout discovery and that the "claims to be litigated and Defendants' policies upon which Plaintiffs are suing will not change in any material respect" with the proposed amendment. (Dkt. #291 at 11.) Plaintiffs do not adequately explain when during discovery they learned of the virtual call center model or why it took them so long to seek amendment.

Defendants argue that the proposed amendments concerning the virtual contact model are more than just a technical substitution or addition of named plaintiffs. Indeed, the proposed amendment adds twenty-five new factual allegations regarding the shift to a virtual contact model, including new allegations related to policies and practices for virtual work. (*See* Dkt. 291-1 at ¶¶ 93–117.) Defendants contend that the first three versions of the complaint only contemplated claims related to brick-and-mortar contact centers. Allowing the amendment to include allegations concerning virtual operations would significantly transform the scope of this case. Defendants concede that the work

call agents perform from home is substantially similar as the word they did in an office. However, unlike call agents at brick-and-mortar locations, call agents working from home are under no direct supervision, they may or may not use a personal computer whereas call agents at a physical location use computers provided by Defendants, and they use their own internet connection. As Defendants state, these differences matter when the minutes and seconds it takes to log in to Defendants' systems are at the core of the dispute.

The Court agrees with Defendants. This lawsuit was filed more than three years ago. At the inception of this matter, the COVID-19 pandemic had not yet begun. The nationwide class definition in the original complaint was: "All current and former Call Agents who worked for Defendants at any time." (*See* Dkt. #1 at ¶ 101.) The definition of the FLSA collective was: "All current and former Call Agents who worked for Defendants at any time during the three years preceding the filing of this Complaint up through and including judgment." (*Id.* at ¶ 87.) In the First Amended Complaint, the Plaintiffs added state law class action allegations for multiple states. Each states' definition reads: "All current and former Call agents who worked for Defendants at any location in [state] during the applicable statutory period." (Dkt. #210 at ¶ 109.) These definitions did not change in the Second Amended Complaint, filed May 3, 2021. (Dkt. #236.) According to Plaintiffs, these definitions and the allegations of the complaints up to this point must be read to encompass employees working in a virtual environment.

Though the definitions are broadly worded, implicit in the definitions, until this proposed amendment, is that the allegations related to employees working at brick-and-mortar call center locations. Put differently, the Court construes the allegations to refer

11

to any individual working at any of *Defendants' locations*, not that an employee's home was considered as *any* location. In fact, the First Amended Complaint (filed July 8, 2020), which added Carol Davis as a named plaintiff, did not even mention her employment in a virtual, work-from-home setting in 2020. (*See* Dkt. 210 at ¶ 24.)[3] Ms. Davis worked for TTEC in 2018, left, and later returned in early 2020 to work from home as a virtual call agent. During her deposition, Ms. Davis explained that her claims were not related to her employment with TTEC in 2020, during which time she worked from home:

```
20   Q.     As part of this lawsuit, you are bringing claims
21   relating to your employment in 2018, correct?
22   A.     Yes.
23   Q.     As part of this lawsuit, are you bringing any
24   claims relating to your employment with TTEC in 2020?
25   A.     No.
```

(Dkt. 299-2 at 4.)

---

[3] Paragraph 24 of the First Amended Complaint reads:

> PLAINTIFF, CAROL E. DAVIS ("Plaintiff Carol Davis"), *is an Arkansas resident who worked for Defendants as a Call Agent in Sherwood, Arkansas from September 2018 to December 2018*. Defendants compensated Plaintiff Carol Davis through the payment of an hourly wage of $11.00 per hour during her training period and most recently at the rate of $20.50 per hour. Plaintiff Carol Davis signed a consent form to join this collective action lawsuit, attached hereto as Exhibit 4.

(emphasis added.) The proposed Third Amended Complaint does not include any allegations about Ms. Davis' virtual work. (*See* 291-1.)

To the extent Plaintiffs argue that the virtual contact center employees have been a part of this case all along, such argument fails. Indeed, if the allegations in the operative Second Amended Complaint (and the various amendments leading to it) were sufficient to encompass those working from home in a virtual call-center model, there would be no need to seek amendment to add these class representatives and allegations.

Plaintiffs have failed to demonstrate good cause for adding class representatives and claims related to the virtual call center model at this late stage. The Court does not suggest that Plaintiffs were required to amend the complaint concerning virtual call center operations immediately at the outset of the pandemic in March 2020, when Defendants' shifted to having nearly every employee work from home began. However, amendment should have come soon thereafter, and certainly before the July 10, 2020 deadline. Yet, Plaintiffs waited more than a year and a half after the onset of the pandemic to seek this amendment, even *after* filing a Motion for Leave to File a Second Amended Complaint in March 2021 (a year into the pandemic). (Dkt. #225.)

Though Plaintiffs argue that the proposed allegations do not give rise to new claims, the allegations seek to add new conduct underlying those claims, which materially expand the scope of case. Plaintiffs knew or should have known of this underlying conduct long ago, but they have not been diligent in alleging it. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quoting *Colo. Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The Court should not rescue these claims where Plaintiffs have dragged their

feet for such an extensive period of time. *See Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend."). Thus, the request to add named plaintiffs and allegations to introduce facts about the virtual call center model should be denied.

## RECOMMENDATION

**WHEREFORE,** for the foregoing reasons,

It is hereby **RECOMMENDED** that Plaintiffs' Motion to Extend the Pleading Amendment Deadline and For Leave to file a Third Amended Complaint (Dkt. #291) be **GRANTED IN PART** and **DENIED IN PART** as follows:

- To the extent Plaintiffs seek leave to amend the complaint to add Mr. McPherson (Arizona), Ms. Simmons (Kentucky), and Ms. Scott (North Carolina) as named plaintiffs, the Motion to Amend should be **GRANTED**;

- Discovery should be re-opened for the limited purpose of allowing Defendants to depose Ms. Simmons allowing Ms. Simmons to respond to written discovery previously propounded by Defendants to other named plaintiffs. Ms. Simmons shall respond to written discovery within ten (10) days of the date of Judge Moore's ruling on this Recommendation. Further, within ten (10) days of Judge Moore's ruling on this Recommendation, the parties shall confer to set the deposition of Ms. Simmons.

- To the extent Plaintiffs seek to amend the complaint to add Donna Ford, Mikayla McCraney, Brigitte St. Clair, Melody Wade, and Rosanna Viray as named plaintiffs and include new factual allegations concerning the virtual call center model, the Motion to Amend should be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated this 14th day of January, 2022.

                                                  N. Reid Neureiter
                                                  United States Magistrate Judge