# EXHIBIT 1

2021 WL 75224
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

Orson JUDD, Plaintiff,
v.
KEYPOINT GOVERNMENT
SOLUTIONS, INC., Defendant.

Civil Action No. 18-cv-00327-RM-STV
|
Signed 01/08/2021

**Attorneys and Law Firms**

Joshua G. Konecky, Leslie H. Joyner, Schneider Wallace Cottrell Konecky Wotkyns LLP, Emeryville, CA, for Plaintiff.

Claire B. Deason, Emily A. McNee, Jacqueline E. Kalk, Minneapolis, MN, Jonathan Alexander Heller, Karin M. Cogbill, San Jose, CA, Margaret Parnell Hogan, Michelle Lynn DiCuollo, Denver, CO, for Defendant.

**ORDER**

RAYMOND P. MOORE, United States District Judge

*1 This matter is before the Court on the parties' Joint Motion for Approval of FLSA Collective Action Settlement (the "Motion") (ECF No. 222). After considering the Motion, and court record, and being otherwise fully advised, the Court finds and orders as follows.

**I. BACKGROUND**
KeyPoint provides security clearance background investigations and other services on behalf of the U.S. government. In 2015, *Smith v. KeyPoint Government Solutions, Inc.*, 15-cv-00865-REB-KLM, was filed in this District (hereafter, the "*Smith* Action"). The *Smith* Action was a putative collective action filed under the Fair Labor Standards Act ("FLSA"), where Mr. Smith alleged that he was classified improperly as an independent contractor by KeyPoint. The *Smith* Court had not conditionally certified a collective action, but consents to join in the action were filed. The *Smith* Court dismissed Mr. Smith's claims with prejudice as barred by the statute of limitations and, concomitantly, dismissed the collective action claims without prejudice. Final judgment was entered January 2017. In March 2017, the putative collective action under the FLSA before this Court – the *Judd* Action – was filed.[1] This action involves the same issue as the *Smith* Action: whether KeyPoint misclassified its investigators as independent contractors and, therefore, failed to pay them overtime wages.

In December 2018, the Court ordered that Opt-In Plaintiff Kristin Hettler be compelled to proceed to arbitrate her claims against KeyPoint, and conditionally certified a collective action of investigators.[2] Thereafter, Ms. Hettler proceeded to arbitration while notices were sent. The parties agree that 367[3] consents to join were filed, but KeyPoint asserts 307 of them are subject to binding arbitration. In addition, the parties agree that 23 consents were untimely. The Court has dismissed those 23 Opt-in Plaintiffs on summary judgment by Order dated December 8, 2020.

Meanwhile, the parties engaged in mediation with Hunter Hughes, an experienced mediator. While initially unsuccessful, the parties continued with their negotiations and, after a few months, reached an agreement (the "Settlement Agreement") whereby $900,000 would be paid to 331 Opt-In Plaintiffs whose last day of service with KeyPoint was within the applicable statute of limitations. It is unclear, however, how the 331 number was determined and, in addition to what the Court has found insufficient below, the parties should address this in any renewed motion.[4] Regardless, as part of the Settlement Agreement, the parties also separately negotiated attorneys' fees and expenses totaling $600,000 associated with this litigation[5] and for KeyPoint to pay settlement administrative costs.

*2 The matter is now before the Court on the Motion, seeking approval of the proposed Settlement Agreement; notice to Opt-in Plaintiffs; manner and method of distribution of proceeds; service awards to Mr. Judd and Ms. Hettler; attorneys' fees and costs to Plaintiffs' counsel; and dismissal of this action with prejudice. In addition, although not addressed in the Motion, the Court notes that the Settlement Agreement seemingly requires

the Court to approve Mr. Judd as the representative plaintiff, retain jurisdiction to enforce the Settlement Agreement, appoint JND Legal Administration as the Settlement Administrator, and approve Employee Rights Advocacy Institute for Law & Policy as the *cy pres* recipient.[6]

## II. LEGAL STANDARD

### A. Collective Action Settlement

Courts have held that settlements of FLSA actions such as this one must or may require court approval.[7] *E.g.*, *Cooper v. OFS 2 Deal 2, LLC*, No. 15-cv-01291-RM-NYW, 2016 WL 1071002, at *2 (D. Colo. Mar. 17, 2016); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Baker v. Vail Resorts Mgmt. Co.,* Case No. 13-cv-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014). Approval may be granted when: (1) the FLSA settlement is reached as a result of bona fide dispute; (2) the proposed settlement is fair and equitable to all parties concerned; and (3) the proposed settlement contains a reasonable award of attorneys' fees. *Cooper*, 2016 WL 1071002, at *2; *Lynn's Food Stores*, 679 F.2d at 1354; *Baker*, 2014 WL 700096, at *1. In addition, the "Court must determine whether the settlement agreement undermines the purpose of the FLSA, which is to protect employees' rights from employers who generally wield superior bargaining power." *Baker*, 2014 WL 700096 at *2. To determine whether the settlement agreement complies with the FLSA, the court evaluates the following factors: "(1) the presence of other similarly situated employees; (2) a likelihood that plaintiffs' circumstances will recur; and (3) whether defendants had a history of non-compliance with the FLSA." *Baker*, 2014 WL 700096 at *2 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)).

### B. Attorney's Fees under the FLSA

The FLSA requires any judgment to include an award of reasonable attorney's fees and the costs of the action. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The Court has discretion to determine the amount and reasonableness of the fee to be awarded. *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1173 (D. Colo. 2018).

*3 The two primary methods for determining attorney-fee awards in common-fund cases are the percentage-of-the-fund method and the lodestar method. *See Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455, 458 (10th Cir. 2017) (discussing fee awards in class actions). The Tenth Circuit has expressed a preference for the percentage-of-the-fund approach in common fund cases. *Id.* To determine the appropriate percentage, the Tenth Circuit considers the twelve factors first announced in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) (commonly called the *Johnson* factors). Those factors are:

> the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

*Chieftain Royalty*, 888 F.3d at 458 (quoting *Gottlieb v. Barry*, 43 F.3d 474, 482 n.4 (10th Cir. 1994)). In addition, courts frequently conduct a lodestar crosscheck to ensure the reasonableness of the percentage that attorneys seek. 5 W. Rubenstein, *Newberg on Class Actions* § 15:85 (5th ed. 2019); *Wilson v. DFL Pizza, LLC*, No. 18-CV-00109-RM-MEH, 2019 WL 3002928, at *5 (D. Colo. July 10, 2019); *Aragon v. Clear Water Prods. LLC*, No. 15-cv-02821-PAB-STV, 2018 WL 6620724, at *7 (D. Colo. Dec. 18, 2018).

## III. DISCUSSION

### A. Final Certification

The FLSA permits collective actions where the allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b). Under *Thiessen v. Gen. Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001), a district court may apply a two-stage "ad hoc" process to determine whether putative collective action members were "similarly situated" for purposes of § 216(b). At the initial "notice" stage, this "requires nothing more than substantial

allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (quotation marks and alteration omitted). After discovery, the court makes a second determination of whether putative class members are similarly situated. *See id.* at 1102-03. In deciding whether to certify a collective action at this second stage, the court applies a stricter standard and considers several factors, including: "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations." *Id.* at 1103 (quotation marks and citation omitted). Final collective action certification is generally required before a court may approve a collective action settlement. *Ostrander v. Customer Eng'g Servs., LLC*, No. 15-cv-01476-PAB-MEH, 2018 WL 1152265, at *2 (D. Colo. Mar. 5, 2018); *Whittington v. Taco Bell of Am., Inc.*, No. 10-CV-01884-KMT-MEH, 2013 WL 6022972, at *2 (D. Colo. Nov. 13, 2013) (collecting cases); *Wilson*, 2019 WL 3002928, at *1; *Davis*, 292 F. Supp. 3d at 1171.

The parties request their proposed settlement be approved, but their Motion does not request final collective action certification or address the factors which the Court should consider in determining whether final certification may be had. Accordingly, for this reason alone, the Motion may not be approved. Nonetheless, the Court will address other matters which are of concern and which the parties should address if they file any renewed motion.

### B. Notice and Opportunity to Object

The parties propose to give the Opt-in Plaintiffs notice of the proposed Settlement Agreement, but only *after* the Court grants the Motion and approves the Settlement Agreement. In other words, the Opt-In Plaintiffs will have no prior notice of or opportunity to object to the settlement. A review of the Motion and associated papers shows the parties[8] take the position that the Opt-in Plaintiffs, by their written consents to opt-in,[9] have assented to having Plaintiff Judd and Judd's counsel enter into a binding settlement without notice or regard for whether they agree. The Court does not find the consents to be so broad[10] and, accordingly, Opt-In Plaintiffs must be provided notice of the settlement with an opportunity to object. *See Wilson*, 2019 WL 3002928, at *3-4; *Ostrander*, 2018 WL 1152265, at *2. Because this has not occurred, the Motion will not be granted.

### C. The Proposed Notice

**\*4** In addition to the omission of any notice with opportunity to object (and the assumption that the Opt-in Plaintiffs are bound), the Court finds other issues with the notice. First, the notice refers to Section VII, but there is no Section VII. If the parties are referring to Section VIII, it still appears that the reference to Section VII in the second full paragraph on page 1 of the notice is incorrect. (ECF No. 222-2, page 23.[11]) Second, the third full paragraph in Section II is unclear; importantly, it appears to may be missing the word "and."[12] Third, and finally, Section III uses an accrual date of August 28, 2020 but the Settlement Agreement uses the date of October 26, 2020.[13] Therefore, the notice also will not be approved.

### D. The Settlement

As stated above, in addition to the settlement of a bona fide dispute, a fair and equitable proposed settlement agreement, and a reasonable award of attorneys' fees, the Court examines "whether the settlement agreement undermines the purpose of the FLSA." *Baker*, 2014 WL 700096 at *2; *Wilson*, 2019 WL 3002928, at *3. Here, the parties address the first three factors but not the fourth. Accordingly, this deficiency also precludes the Court from approving the Motion.

### E. Other Matters

As stated above, the Motion requests approval for certain matters but not others which the Settlement Agreement appears to require approval. Indeed, matters such as retaining jurisdiction to enforce the Settlement Agreement do require the Court's approval. Yet, the parties never request such relief. Accordingly, any renewed motion must also address these matters before it may be approved.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that the Joint Motion for Approval of FLSA Collective Action Settlement (ECF No. 222) is **DENIED WITHOUT PREJUDICE**.

**Judd v. Keypoint Government Solutions, Inc., Slip Copy (2021)**

**All Citations**  Slip Copy, 2021 WL 75224

Footnotes

1  This case was initially filed in the District of Arizona and subsequently transferred to the District of Colorado.

2  ECF Nos. 104, 105.

3  The Court notes that Defendant's Motion to Compel Arbitration asserts 375 consents were filed. (ECF No. 182, p. 2 (375 consents); No. 222, p. 2 (367 consents)).

4  If there were 367 consents to join and 23 were untimely, this would leave 344 (367-23) remaining Opt-In Plaintiffs. Thus, it appears that 13 (344-331) Opt-Ins are unaccounted for in the calculation. The Court was unable to locate how this number – 331 – was determined and, therefore, unable to confirm that, after the dismissal of the time barred Opt-in Plaintiffs, this settlement, if approved, would resolve *all* Plaintiffs' claims.

5  This includes those fees and expenses associated with Ms. Hettler's arbitration but, as counsel has affirmatively represented, does *not* include fees and expenses associated with the *Smith* Action. If it were otherwise, the Court would have an issue with the fees and costs counsel requests to be awarded.

6  ECF No. 222-2 at ¶¶ 12, 37, 77.

7  The issue of whether an FLSA settlement requires court approval has not yet been settled by the Tenth Circuit. The Court also recognizes the decisions in this District are not uniform regarding any requirements for approval of settlement agreements brought under the FLSA. This Court, however, requires any settlement be approved.

8  It may be that it is only Plaintiffs who take this position.

9  *See, e.g.,* ECF No. 153.

10  Thus, the Court need not decide whether, regardless of any prior consent, Opt-in Plaintiffs must be given notice and an opportunity to object.

11  The page references in this Order are to the page numbers assigned to the document by the court's ECF system, found in the upper right-hand corner of the document.

12  "Each final settlement payment will be allocated to claims for liquidated damages and other relief [and?] will be

**Judd v. Keypoint Government Solutions, Inc., Slip Copy (2021)**

characterized as non-wage income and will be reported on an IRS Form 1099." (ECF No. 222-2, p. 25.)

13  Compare ECF No. 222-2, p. 25 with ECF No. 222-2, pp. 12-13.

---

**End of Document**  © 2022 Thomson Reuters. No claim to original U.S. Government Works.