# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CAROL E. DAVIS, YVETTE MONICA DAVIS, ANN MARIE COLE, JAVONTE DUNCAN, LEON PATRICK CHERRY, CEDRIC RANDLE, SHANICKQUA B. HUDSON, MYKIESHA MCFARLAND, and **MELISSA ZWEYER**, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**TTEC HEALTHCARE SOLUTIONS, INC.** and **TTEC HOLDINGS, INC.**,<br><br>Defendants. | Case No.: 1:18-cv-03098-RM-NRN |

**[PROPOSED] FINAL ORDER AND JUDGMENT APPROVING FLSA SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Approval of Settlement (Dkt. ___), the accompanying Settlement Agreement and Release (Dkt. ___), and the accompanying memorandum of law (Dkt. ___). Based on the following, the Court hereby ORDERS and ADJUDGES that the motion is GRANTED and the Settlement Agreement and Release is APPROVED.

1. Current and former employees may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *See Bracamontes v. Bimbo Bakeries USA, Inc.*, No. 15-CV-02324-RBJ-NYW, 2018 WL 6790171, at *1 (D. Colo. Oct. 10, 2018) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Where, as here, a collective FLSA action is settled on behalf of opt-in plaintiffs who already have joined the action,

1

156851737.1

Federal Rule of Civil Procedure 23's class action notice protocols do not apply, and the settlement can be reviewed in a single step. *See Koehler v. Freightquote.com, Inc.*, No. 12-2505-DDC-GLR, 2016 U.S. Dist. LEXIS 48597, at *57 (D. Kan. Apr. 11, 2016) ("The FLSA does not require a fairness hearing like that required for settlements of class actions brought under Fed. R. Civ. P. 23."); *Jackson v. United States Bancorp*, No. 20-2310-EFM, 2022 U.S. Dist. LEXIS 43850, at *25 (D. Kan. Mar. 11, 2022) (same).

2. Settlement approval is appropriate "upon demonstration that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorneys' fees." *Baker v. Vail Resorts Management Co.*, No. 13-cv-01649- PAB-CBS, 2014 WL 700096, (D. Colo. Feb. 24, 2014) (citing *Lynn's Food Stores*, 679 F.2d at 1353). Here, all of these requirements are satisfied. The Settlement is therefore approved and the Settlement Administrator shall make all payments to the Named Plaintiffs, the FLSA Collective Members, and FLSA Collective Counsel in the full amounts described in the Settlement Agreement and Release.

3. The Court approves service awards in a cumulative amount of $75,000 to be distributed as follows:

    a. $3,500 each to the nine Named Plaintiffs; and

    b. $1,500 each to the twenty-nine FLSA Collective Members who were deposed.

4. The Court approves settlement administration costs in an amount not to exceed $20,000 to Rust Consulting.

5. The Court approves attorneys' fees to Plaintiffs' Counsel in the amount of $2,500,000.

2

6. The Court approves reimbursement of the reasonable and necessary litigation expenses incurred by Plaintiffs' Counsel in an amount not to exceed $450,000.

7. For each Named Plaintiff and each FLSA Collective Member, his or her joining and continued participation in the litigation shall release the particular claims, whether known or unknown, under any federal, state, local or common law, as set forth in the releases in the Settlement Agreement (*see* Sections 3.6(a) and 3.6(b)).

8. There has been no determination by any Court or arbitrator as to the merits of the claims asserted by Named Plaintiffs or the FLSA Collective Members against TTEC Healthcare Solutions, Inc., TTEC Holdings, Inc., or any of the Releasees (as defined in the Settlement Agreement). Neither this Order, the Settlement Agreement, nor any other documents or information relating to the offered settlement of this action shall constitute, be construed to be, or be admissible in any other proceeding as evidence: (1) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; or (2) of an adjudication of the merits of this case, including, *inter alia*, Plaintiffs' entitlement to minimum or overtime wages from TTEC Healthcare Solutions, Inc., TTEC Holdings, Inc., or any of the Releasees. Indeed, as emphasized in the Settlement Agreement, Defendants continue to vigorously deny any liability to Plaintiffs.

9. Named Plaintiff, FLSA Collective Members, and anyone acting on their behalf, shall be barred and enjoined from: filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual, class action, or collective action basis any action, claim, or proceeding against TTEC Healthcare Solutions, Inc., TTEC Holdings, Inc. or any of the Releasees in any forum in which any of the claims subject to the Settlement are asserted, or which

3

156851737.1

in any way would prevent any such claims from being extinguished; or seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

10. Without affecting the finality of this Final Order and Judgment, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Final Order and Judgment as may be necessary or appropriate for the construction and implementation of the terms of the Settlement Agreement.

11. This action is hereby dismissed in its entirety as against Defendants with prejudice, and without attorneys' fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

12. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

SO ORDERED AND ADJUDGED.

| Date | Hon. Raymond P. Moore<br>United States District Court Judge |
|---|---|

4

156851737.1